WABASH PORTLAND CEMENT COMPANY v. STEVENS.

[No. 14,074. Filed October 16, 1931.]

*William W. Hammond, C. Severin Buschmann, Leo M. Gardner* and *Robert C. Kewley,* for appellant.

*Charles T. Hanna* and *Thomas A. Daily,* for appellee.

CURTIS, J.—This was an action in replevin upon appellant's amended complaint in one paragraph which alleges in substance that appellant is the owner of, and entitled to the possession of, one Ford coupe of the value of $600; that the same has not been taken for a tax, assessment or fine pursuant to a statute, or seized upon an execution or attachment against the property of appellant, but is unlawfully detained by appellee; that, by reason of such detention, appellant was damaged in the sum of $500 by reason of depreciation and loss of use and expenses in search for the same. The prayer of amended complaint was for judgment for the possession of said property and $500 damages. To this amended complaint, appellee filed answer in general denial. Upon the issues thus formed, there was a trial by jury, which returned a verdict for appellee to the effect that he should have return of said property and that the property is of the value of $500. There was a stipulation by the parties that, upon failure of the defendant to file a bond, the plaintiff filed its bond with the sheriff as provided by law and took possession of the automobile.

Judgment was entered upon the verdict, from which appellant appealed and assigned as error: (1) The court erred in overruling the motion of appellant to find in its favor at the close of all the evidence; and (2) the court erred in overruling the appellant's motion for a new trial.

The motion for a new trial sets out 38 grounds, the first three of which assert that the verdict is not sustained by sufficient evidence and is contrary to law. The fourth ground is that there is error in the assessment of the amount of recovery, in that it is too large; and the fifth ground is that the court erred in giving instruction No. 6 on the court's own motion. The sixth ground challenges the giving of instruction No. 7, given by the court on its own motion; the seventh ground alleges error of the court in refusing to give instruction No. 1, tendered by the plaintiff; the eighth ground asserts error of the court in its refusal to give a peremptory instruction for the plaintiff at the close of the evidence. Grounds numbered 9 to 20, inclusive, and 22 to 32, inclusive, and 34 to 38, inclusive, assert error in admitting certain evidence over the objection of the appellant.

No question, however, is presented as to the admission of evidence. Grounds 9 to 20, inclusive, 22 to 32, inclusive, and 34 to 38, inclusive, in the motion for a new trial, seek to raise such questions, but the motion for a new trial does not in many instances set out the questions and answers objected to or their substance, nor does such motion in any instance state the grounds of objection. No determination, therefore, can be made by this court as to the existence of harmful error on any such grounds. *Greer* v. *State* (1929), 201 Ind. 386, 168 N. E. 581; *Allen* v. *Gavin* (1872), 40 Ind. 446; *Coryell* v. *Stone* (1878), 62 Ind. 307; *Indianapolis, etc., R. Co.* v. *Ragan* (1909), 171 Ind.

569, 86 N. E. 966; and *Kenwood Tire Co.* v. *Speckman* (1931), 92 Ind. App. 419, 176 N. E. 29, is the latest expression of this court upon this subject, and from it we quote the following: "The principal reason for the rule is to give the trial court a further opportunity to consider and correct any error it has made while the case is still under its control."

Grounds 21 and 33 in the motion for a new trial claim error of the trial court in refusing to strike out certain evidence, but neither of said grounds 21 and 33 states what the motions to strike out were, nor did either state the substance of said motions. Neither stated the questions that were propounded to the witness nor the substance thereof. All that was set out in either ground was the answer of the witness. No question is, therefore, presented to this court based upon either of said alleged errors. See authorities above cited.

We next take up the alleged error of the court in the giving of its own motion instructions Nos. 6 and 7, complained of by the appellant. Said instruction No. 6, in effect, told the jury that, in determining whether or not Jennings, the secretary of appellant company, had any authority to dispose of the automobile in question, the jury could consider and determine whether or not the appellant had offered any evidence denying the authority of Jennings in such transaction. We think this instruction was correct. Circumstances and facts had been shown in the evidence tending at least to make a *prima facie* case of such authority. If such authority did not exist, it was competent for the appellant to have so testified. This it failed to do. This failure was a circumstance the jury had a right to consider. *Barnett* v. *Gluting* (1892), 3 Ind. App. 415, 29 N. E. 154.

Said instruction No. 7, in effect, told the jury that

the relation of principal and agent may be shown by circumstantial evidence alone, and if there is evidence that one acts for another under circumstances implying knowledge on the part of the principal, this would constitute a *prima facie* agency, and that, if the jury found from the evidence in this case that said Harry F. Jennings, secretary of the plaintiff company, acted for and on behalf of plaintiff company in the employment of said defendant Richard G. Stevens, as an employee of the defendant company, and that said Jennings then and there fixed the salary of said defendant Stevens at the time of such employment, they might, in connection with all the other facts and circumstances shown in evidence, bearing upon such question, if any there be, consider such matters in determining the issue or question whether the said Jennings was or was not authorized to represent and bind the plaintiff company, as its agent, in the transaction involved in this controversy. We have carefully examined this instruction, and, in the light of all the evidence, we conclude that such instruction is a correct statement of the law applicable in this case, and that no error was made in giving the same.

Appellant, by its failure to discuss, under its "Points and Authorities," the alleged errors pointed out in grounds Nos. 7 and 8 in its motion for a new trial, which are to the effect that the court erred in refusing to give instruction No. 1, tendered by the appellant, and in refusing to give a peremptory instruction for the plaintiff at the close of all the evidence, has waived the same.

From the record before us, we are of the opinion that the evidence is sufficient to sustain the verdict of the jury, and that the verdict is not contrary to law.

We find no reversible error.

Judgment affirmed.