COCA COLA BOTTLING COMPANY, INC. ET AL. *v.* WHEELER.

[No. 14,810.   Filed January 3, 1935.]

*Bingham, Mendenhall & Bingham,* for appellants.

*Raymond F. Murray,* for appellee.

SMITH, C. J.—Appellee brought this action to recover damages for personal injuries due to the alleged negligent acts of appellants.

The complaint is in two paragraphs. The first paragraph alleged that one Merle Asche was an employee and agent of appellant, Coca Cola Bottling Company; and that the appellant James S. Yuncker was the president of said company, and was riding in an automobile operated by said Asche at about 11 o'clock on March 1, 1930; that at that time appellee was walking north on the west side of Pennsylvania Street in the city of Indianapolis, Indiana, at the place where Pennsylvania intersects North Street; that she was proceeding with due care in attempting to cross North Street when she was struck by the automobile of appellant, Coca Cola Bottling Company, which was being driven at that time by said Merle Asche, who was then and there on the business of appellants, and acting within the scope of his employment; that he operated said car in a careless and negligent manner, and as a result

appellee was injured; that the appellant James S. Yuncker was in the automobile of the appellant bottling company at the time of the accident.

The second paragraph alleges in substance the same facts, but, in addition, sets up a certain ordinance of the city of Indianapolis, Indiana, regulating traffic on its streets, and alleges in substance that the appellants' automobile was operated in violation of said ordinance in that the operator thereof drove the automobile into the street intersection in disobedience to the traffic signal maintained at said intersection. The complaint prayed damages in the sum of $10,000.

To this complaint appellants filed their separate and several answer in general denial to both paragraphs thereof.

The cause was tried to a jury which returned a verdict in the sum of $5,000 on which judgment was rendered.

The two errors properly assigned and relied upon for reversal are: (a) The court erred in overruling the appellants' separate and several motion for judgment on answers to the interrogatories; (b) the court erred in overruling the appellant's separate and several motion for a new trial.

In the motion for new trial there are twenty-four grounds. The first fourteen relate to the sufficiency of the evidence to sustain the verdict; that the verdict is contrary to law; the assessment of damages; that the interrogatories are not supported by the evidence; and the refusal to give certain instructions tendered, and the giving of other instructions. The balance of the grounds set forth in the motion relate to the admission of certain evidence, and the overruling of motions to strike out the answers thereto. As to the question on the admission of the evidence, and the refusal to strike out the answers, the

motion for new trial does not raise any question thereon. In no instance does the motion for new trial set out the objection to the offered testimony, nor does it state the substance thereof. The same situation is true, relative to the several motions to strike out the answers to certain questions. The motion for new trial does not set out the motions, nor does it state the substance thereof. Hence no question is presented upon the admission of the evidence. *Wabash Portland Cement Company* v. *Stevens* (1931), 93 Ind. App. 208, 178 N. E. 5.

Under the assignment of error upon the overruling of the motion for new trial, the questions properly presented are: That the verdict of the jury is not sustained by sufficient evidence, and is contrary to law; the overruling of appellants' motion for a directed verdict; and the question raised upon the giving and submitting to the jury the court's interrogatories Nos. 1 to 16 inclusive.

Appellants question the sufficiency of the evidence to support the answers to the interrogatories. No complaint can be made by appellants upon this proposition for there was a general verdict and judgment was rendered thereon. If there had been a judgment rendered upon the answers to the interrogatories, then the aggrieved party might challenge the sufficiency of the evidence to sustain the answers. But, there being no judgment upon the answers to the interrogatories, no error could be predicated upon whether the evidence was sufficient to sustain the answers thereto.

One of the errors appellants attempt to assign alleges the overruling of appellants' separate and several motion to instruct the jury peremptorily. This is not a proper assignment of error, and cannot be so considered. However, appellants raise this question in their motion for new trial. It is now

settled by the authorities in this state that a peremptory instruction directing a verdict can only be given when there is a total absence of some evidence upon an essential issue, or when there is no conflict in the evidence and it is susceptible of but one inference, and that inference is favorable to the party asking the instruction. *Matthews* v. *Myers* (1917), 64 Ind. App. 372, 374, 115 N. E. 959. Applying this rule, there was no error in overruling the motion for a directed verdict. There was sufficient evidence not only to warrant a submission to the jury, but also to warrant a verdict for appellee.

There was no error in overruling appellants' separate and several motion for judgment on the answers to the interrogatories. Twenty-eight interrogatories were submitted to the jury at the request of appellants, and sixteen submitted by the court upon its own motion, all of which were answered by the jury. It would unduly extend this opinion to set them out, but the questions and answers had to do with the question of appellee's contributory negligence. Taking the answers as a whole, we think they affirmatively show that the appellee was not guilty of contributory negligence, and that they are not in irreconcilable conflict with the general verdict.

Under their motion for a new trial, appellants present the question of the sufficiency of the evidence to sustain the verdict, and that the verdict is contrary to law.

There was evidence to show that appellee, at the time of her injury, was 25 years of age, and for a period of 12 years up to the time of the accident she was a student at the Indiana School for the Blind, and that she has been totally blind since her birth, except that she can distinguish between light and dark; that on the day of the accident, March 1, 1930,

she was accompanied by one Mildred Carter Ranier; that they had been to the business district in the city of Indianapolis, and were returning about 10:45 a. m., and were proceeding north on Pennsylvania Street, and, while attempting to cross North Street, were struck by appellants' automobile. There was evidence to show that appellee's companion had her sight and mental faculties; that as appellee and her companion approached North Street, they stopped at the curb, and saw the traffic signal light was green, and that appellee's companion looked to the west and to the east, and saw no cars approaching, and proceeded to cross North Street at the accustomed place for pedestrians, and were struck by the automobile of appellants before they got to the safety zone; that the traffic signal showed green for northbound traffic, and that it did not change before they were struck.

There was evidence that the automobile was a Ford coupe, and belonged to the appellant Coca Cola Bottling Company, and was driven by one Merle D. Asche; that at the time of the accident the appellant Yuncker, who was the president of the corporation, was riding in the car, and made a statement right after the accident, "This man (meaning Asche) was driving for me." There was also evidence that appellant Yuncker said, upon direct examination at the trial, "When I saw the girls swing, I hollered *to my driver,* 'Look out.'" The driver testified, "I was driving a car *at all times* for the Coca Cola Bottling Company." Appellants challenge the sufficiency of the evidence to show the relation of master and servant, or principal and agent, between appellants and the driver of the car. We think there was sufficient evidence to show, and from which the jury might infer that Merle Asche at the time of the accident was driving the car under the direction of the appellant Yuncker, who was president of the Coca Cola

Bottling Company, and was on the business of appellants at the time the accident occurred.

There was evidence to show that appellee sustained some severe injuries by reason of the collision; that she had a wound on her left ankle, and that her left knee was injured and wrenched, and that the upper part of her back was injured; that she was in the hospital for a week, and then taken to her home in Marion, Indiana, in an ambulance; that she then suffered acute pain in her left knee, her hip, and her back; that she remained in bed for three weeks and was attended by physicians; that she was confined to her home for six weeks before she returned to the school for the blind in Indianapolis; that she still has pains and trouble with her knee; and that her injuries are permanent. There was testimony given by doctors who attended appellee which showed that she was permanently injured.

There was sufficient evidence to warrant the jury in returning a verdict for appellee as they did.

Appellants further contend that the court erred in submitting to the jury upon its own motion interrogatories Nos. 1 to 16 inclusive, for the reason that each of them assumed evidentiary facts as true, and embraced more than one fact, and sought to elicit facts outside of the issues. An examination of these interrogatories as a whole leads to the conclusion that they are not subject to any of the criticisms lodged against them by appellants, and that each of them was proper. No error resulted in the submission of these interrogatories to the jury. In fact, some of them called for answers similar to those submitted by the appellants themselves, and were of like character.

Appellants attempt to challenge the refusal of the court to give instruction No. 2, tendered by them, and

also the giving by the court upon its own motion instructions 8, 9, and 10. We find upon examination of the record that the instructions are not in the record, and no question is raised thereon. These instructions are not brought into the record by bill of exceptions; and, if they are in the record, it must be under some other section of the statute.

Clause 6 of §584, and §586 of Burns Ann. St. 1926, §§2-2008, 2-2010, Burns 1933, §§341, 343, Baldwin's Ind. St. 1934, provide for bringing instructions into the record. An examination of the record discloses that there was no order of court requiring the instructions given or tendered to be spread upon the record, as provided in §717, Burns Ann. St. 1926, §2-3223, Burns 1933, §497, Baldwin's Ind. St. 1934. If it was intended to bring them into the record under clause 6, §584, *supra*, then there is no order in the record showing that all of the instructions were signed and filed as required by the statute; neither was there a compliance with §586. The record does not disclose that any memorandum was made and signed by the judge upon the instructions requested by appellants, nor is there any record showing that the instructions given by the court of its own motion were signed and filed as required by the statute, or that the instructions purported to be given were all of the instructions given. In fact, the record does not disclose that any of the instructions, either those requested by the appellants, or those given by the court of its own motion, were filed. The record must disclose that the instructions were filed with the clerk of the court. As to the instructions tendered by appellants, it does not appear from the record in this case that a memorandum of any kind was endorsed by the trial judge on the instructions so tendered by appellants. Our Supreme Court, in the case of *Morgan Con-*

*struction Company* v. *Dulin* (1916), 184 Ind. 652, 656, 109 N. E. 960, said on that subject:

> "It is equally true that from the absence of such a memorandum it must be assumed that none was prepared, and its absence cannot be supplied by record entry or other endorsement which does not meet the requirements of the statute."

As to the method of bringing instructions into the record under the statute, the Supreme Court of Indiana in a recent case has discussed this subject at some length. *Pennsylvania R. Co.* v. *Hemmer* (1934), 206 Ind. 311, 186 N. E. 285, 189 N. E. 137.

The appellants have not presented any question on the instructions, and this court is not at liberty to disturb a judgment for errors that are not presented to it. Although we have no right to search the record for the purpose of reversing a case, we are authorized to search the record to affirm a judgment of the lower court, the presumption being in favor of the validity of such judgment. From the whole record it appears that this case was fairly tried and a correct result reached.

There was sufficient evidence to sustain the verdict of the jury, and it is not contrary to law.

We find no reversible error.   Judgment affirmed.