MESHBERGER ET AL. *v.* THOMAS

[No. 14,821.  Filed January 4, 1935.]

*Fruchte & Litterer,* and *Eichorn, Gordon & Edris,* for appellants.

*Herman H. Myers,* and *Clark J. Lutz,* for appellee.

SMITH, C. J.—This action was brought by the appellee against the appellants, the Bank of Linn Grove, and other stockholders, by a complaint in one paragraph to recover the balance alleged to be due appellee upon a checking account in the said Bank of Linn Grove.

The Bank of Linn Grove was a private bank organized under the acts of 1907, chapter 113, page 174, §§3925-3938, Burns Ann. St. 1926, §§18-2701—18-2714, Burns 1933, §§8028-8042, Baldwin's Ind. St. 1934.

The complaint alleged, in substance, that the appellants and a number of other stockholders entered into articles of copartnership for the purpose of establishing and operating a private bank of discount and deposit

under the name and style of Bank of Linn Grove, and caused written articles of copartnership to be filed with the Auditor of State, whereupon a charter was issued by the proper officers of the state authorizing the operation of said bank under said statute; that the appellants and the other stockholders were copartners in the operation of said bank; that said copartners complied with the said acts of the General Assembly, and caused notice to be posted in the bank, stating its owners and the number of shares owned by each, and otherwise fully complied with said law; that on the first day of June, 1930, before the bringing of this action, the Bank of Linn Grove ceased to operate and became insolvent. Through proper proceedings in the Adams circuit court, a liquidating agent was appointed upon petition of the stockholders of said bank, who qualified and proceeded to liquidate the same. The complaint further alleged that, at the time of the bringing of this action, said liquidating agent did not have sufficient funds to pay the claim of the appellee, and the other depositors.

To this complaint, the appellants and other stockholders who were defendants to the action filed answer in general denial.

The cause was submitted to the court for trial without a jury, and upon request the court made a special finding of facts, and rendered conclusions of law thereon. Upon the conclusions of law, judgment was entered for the appellee for the amount of his deposit in said bank together with interest thereon. Appellants seasonably filed their separate and several motion for new trial, which was overruled, and proper exceptions reserved. The appellants also excepted to each conclusion of law.

There was filed, by some of the original defendants to the action who were not parties to this appeal, a

motion to stay proceedings upon the grounds that the bank was in the process of liquidation, and that the exact amount due to the appellee could not be ascertained until after the bank had been liquidated. This motion was overruled by the court, which action is assigned by appellants as one of the errors for reversal. These appellants cannot avail themselves of this assignment of error, for they were not parties to the motion to stay the proceedings, nor did they make any such motion in the lower court. If any error was committed in the overruling of this motion, it was committed against those who were not parties to this appeal.

The other errors assigned by appellants are: (2) The court erred in overruling appellants' motion for new trial; (3) the court erred in each conclusion of law.

The motion for new trial challenges the decision of the court as not being sustained by sufficient evidence, and that it is contrary to law; and also alleges, as grounds therefor, error of the court in admission of certain evidence.

On the question of the admission of evidence, no question is properly presented except as to ground No. 15, which, challenges the court's action in the admission of "plaintiff's (appellee's) exhibit No. 4."

Ground No. 14 attempts to challenge the admission of exhibit No. 3, but the motion does not set out the objection nor the substance thereof. As to the other grounds on the admission of evidence, no question is raised, because in no instance does the motion for new trial set out the objection to the questions or the answers thereto, nor is the motion to strike out certain answers to questions or the substance thereof set out in the motion for a new trial, which is necessary before any question can be raised thereon. *Wabash Portland*

*Cement Company* v. *Stevens* (1931), 93 Ind. App. 208, 178 N. E. 5.

As to exhibit No. 4, above referred to, the record discloses that this was a certificate from the Auditor of State in which he certified he had made diligent search of the files in his office, and had failed to find a charter for the Bank of Linn Grove, Indiana. If it was erroneously admitted, any error that might occur thereby was cured by the admission of other evidence on this subject without objection. No reversible error was committed in the admission of this exhibit.

Another question raised by appellants is that there was no demand made by appellee before bringing this action. Appellee contends that no demand was necessary because of section 392, Burns Ann. St. 1926, section 2-1037, Burns 1933, section 141, Baldwin's Ind. St. 1934, which provides that, in any action or any defense founded upon a bill, or note, or other contract for the payment of money at a particular place, it is not necessary to aver or prove a demand. Whether this statute is applicable to this situation is not material herein. In this particular case, no demand was necessary, for, at the time the action was brought, the bank was in the process of liquidation, and its assets could only be distributed in accordance with the statute, and under order of the court. Even if appellee had made a demand upon the bank, his claim would not have been paid. Furthermore, the action was brought not only against the bank but also against a number of individuals as copartners. The law will not require a person to do a useless thing; hence no demand was necessary. *Stauffer et al.* v. *Kessler* (1921), 81 Ind. App. 436, 441, 130 N. E. 651.

This leaves the questions whether there was sufficient evidence to sustain the decision of the court, and

whether it was contrary to law, and whether the court erred in its conclusions of law upon the finding of facts. Without unduly extending this opinion, a brief resume of the finding of facts is necessary in disposing of these questions, which is substantially as follows: The appellants, along with several others, entered into a copartnership, and executed written articles of copartnership for the forming of a private bank under the statutes of Indiana above referred to; they complied with all the provisions of this act, opened and began the operation of, and did operate the Bank of Linn Grove for a few years until June 1, 1930, when it failed and went into liquidation. The finding of facts further shows that the statutes under which the bank was organized were complied with, and notices were posted showing the names of each individual owner, as required by the statute, and the amount of shares owned by each; that the bank became insolvent, and a liquidating agent was appointed who proceeded to liquidate the affairs of the bank, and paid off a number of what they thought were preferred claims, and depleted the assets to such an extent that there was not sufficient left to pay the depositors of the bank. The court further found that the appellants and the other stockholders were copartners, and concluded as a matter of law that the appellants were individually liable as copartners to the appellee in the amount of his deposit, and rendered judgment accordingly.

Appellants challenge the sufficiency of the evidence to sustain the finding of facts, claiming that there was a failure of proof of the copartnership. We think the evidence clearly establishes that there was a copartnership, and that these appellants entered into the same, and were owners as copartners of the bank, and were such owners at the time of the bringing of this action.

Appellants contend that their liability is determined by article 11 of the Constitution of Indiana, and that this is a banking corporation within the meaning ██ thereof, and that their liability is limited to an amount over and above their stock equal to their shares, as provided therein. The question of liability of shareholders in a private bank organized under said act of 1907 has been decided by our Supreme Court in the recent case of *Theodore M. Hall et al.* v. *Grover Essner et al.* (1935), (Ind.), 193 N. E. 86, which decision was rendered on December 14, 1934. The instant case is similar in all respects to the Hall case, *supra*, except that the appellee in that case sought to recover, not only his own deposit, but brought the action on behalf of himself and all others similarly situated, which the Supreme Court held he could do. This would not prevent the appellee herein from suing on his own behalf if he so desired, and recovering the amount of his own individual deposit. Upon the question of liability of the appellants herein, we hold upon the authority of the Hall case, *supra*, that the appellants herein are each liable for the full amount of appellee's claim. There is sufficient evidence in this case to sustain the decision of the court and to support the finding of the facts; and the finding of facts fully supports the conclusions of law.

The court did not err in overruling the motion for a new trial, nor in its conclusions of law.

Judgment affirmed.