## BENNETT ET AL. *v.* WAMPLER.

[No. 15,400. Filed May 5, 1937. Rehearing denied October 15, 1937.]

*George W. Henley,* for appellants.

*Regester & Regester,* for appellee.

KIME, J.—This is an appeal from a judgment rendered against the appellants for the sum of $700.00 in an action on a contract, by an amended complaint in one paragraph to recover the reasonable value of work and labor performed by appellee at the appellant's special instance and request.

The complaint was answered by general denial and the issues thus formed were tried to a jury which re-

turned a verdict in favor of the appellee for the above mentioned sum. Motion for new trial was overruled which is the error assigned here. The grounds of said motion that are properly presented for review are that the verdict is not sustained by sufficient evidence; that it is contrary to law; that the amount of the recovery is too large; and that the court erred in giving an instruction.

The evidence discloses that the appellants were attempting to perfect a machine known as an "engravograph" by which cuts were made from photographs without the use of chemicals. The appellants or at least one of them had perfected the machine with the exception of one part which part caused the machine to cut into or engrave upon metal the likeness of the photograph. It was necessary that this cutting be done in a precise manner and the appellants had been unable to perfect the machine so that this could be done. They contracted with the appellee to perfect this particular piece of the machine which the appellee did so that the engravograph did the work that the appellants wanted it to do at that time, but did not fix the amount of compensation.

There was evidence as to the value of this work which ranged from the neighborhood of $45.00 to $5,000.00— it appearing that the machine to which this part was necessary was worth a large amount of money after this particular part had been made workable. Since there was evidence to sustain the verdict in the amount of $700.00 the motion for new trial should not have been granted because of the excessive damages, and the overruling of it for that reason was not error.

There was ample evidence to sustain the general verdict and it is not contrary to law for this reason.

The appellants complain of an instruction whereby

the jury was told that if they found by a fair preponderance of the evidence that the appellee was employed by the appellants to perform services and work upon or in connection with this certain part of this machine the appellee would be entitled to recover the reasonable value of such services, and that in determining what the reasonable value of such services were they might take into consideration the kind of service and work performed, whether or not any special skill and learning were required and the responsibility assumed by the appellee in performing such service. The appellants contend that the use of the word "responsibility" in this instruction makes it erroneous for the reason that the appellee assumed no responsibility. In cases of this character for work and labor the recovery should be for the reasonable value of the services and to arrive at what is reasonable the jury should take into consideration all of the circumstances surrounding the contract, and wide latitude is given the introduction of evidence to attain that end. What is reasonable compensation does not necessarily depend upon the time or the actual labor involved but it depends upon a combination of these facts together with any other facts that would enable the jury to arrive at what was reasonable compensation. It was, therefore, proper for the court to instruct the jury that they could take into consideration in attempting to arrive at what reasonable compensation was, the responsibility entailed upon the appellee by reason of the fact that the appellants turned over to him the duty or obligation of making a machine or part thereof that would serve the purpose for which the appellants desired it to be used, especially since there was evidence on this feature. It was proper for the jury to take into consideration the obligation of the appellee and since it involved a certain duty or respon-

sibility the giving of the instruction was not reversible error.

The appellants have attempted to assign as error the action of the court in admitting into evidence certain parts of the testimony of various witnesses but this was not properly presented to the trial court in the motion for new trial and we can not consider it here. Before one can properly present such question for review the motion must set out, at least, the substance of the question asked, the objection made, the ruling thereon, and the answer given to the question in order that it may be determined as to whether harmful error exists without searching the record. Since this is not done here there is no need to discuss this further. See *Kenwood Tire Co.* v. *Speckman* (1931), 92 Ind. App. 419, 176 N. E. 29; *Eva* v. *State* (1932), 203 Ind. 340, 180 N. E. 183; *Wabash Portland Cement Co.* v. *Stevens* (1931), 93 Ind. App. 208, 178 N. E. 5; *Inter-Ocean Casualty Co.* v. *Wilkins* (1932), 96 Ind. App. 231, 182 N. E. 252; *Moorman Mfg. Co.* v. *Keller* (1934), 98 Ind. App. 607, 184 N. E. 913; *Watts* v. *Geisel* (1934), 100 Ind. App. 92, 194 N. E. 502.

No reversible error having been presented the judgment of the Monroe Circuit Court is in all things affirmed.