HINE ET AL. *v.* WRIGHT ET AL.

[No. 16,627. Filed October 24, 1941. Rehearing denied December 5, 1941. Transfer denied February 2, 1942.]

386

*Frank E. Hutchinson* and *Adney & Adney,* all of Lebanon, *Harding & Harding,* of Crawfordsville; and *Edgar Blessing,* of Danville, for appellants.

*Todd & McCormack,* of Indianapolis, *E. M. Hornaday,* of Lebanon, and *Archie J. Kahl,* of Danville, for appellees.

BEDWELL, J.—In this action the primary appellees, James S. Wright and John P. Hogan, individually and as class representatives of certain creditors of the Peoples State Bank of Whitestown, Indiana, and of the Peoples Bank of Whitestown, Indiana, obtained a judgment against the appellants for $139,067.75. The judgment was rendered in a consolidated action which resulted from the consolidation of a pending action by John P. Hogan on behalf of himself and all other creditors of the Peoples Bank of Whitestown, Indiana, similarly situated, and an individual action by James S. Wright to recover on certain claims against the Peoples State Bank of Whitestown, Indiana. The complaint of Wright alleged that on the 13th day of May, 1929, a private bank, under the partnership name of Peoples· Bank, Whitestown, Indiana, was organized, which took over all of the assets of the Peoples State Bank, Whitestown, Indiana, and assumed all of its indebtedness. The persons named as secondary appellees were defendants in the consolidated action below against whom no judgment was rendered, and the persons named as additional appellees were creditors of the Peoples State Bank, Whitestown, Indiana, or the Peoples Bank, Whitestown, Indiana, who by the terms

of the decree were excluded from any beneficial interest in the judgment rendered.

It appears from the pleadings that the appellants were stockholders or partners in a private bank that was organized on or about the 13th day of May, 1929, under the name of Peoples Bank, Whitestown, Indiana; that such private bank took over the assets of Peoples State Bank, Whitestown, Indiana, and assumed all its liabilities. The Peoples Bank, Whitestown, Indiana, was closed on the 14th day of December, 1929, by the Bank Commissioner of the State of Indiana, because of insolvency; and on the 20th day of December, 1929, a receiver for such bank was appointed by the circuit court of Boone County, Indiana. The action was origi-nally begun on November 30, 1931, by John P. Hogan and James S. Wright as a class action. In 1932, Wright dismissed action as to himself; and in 1934, he filed an individual complaint on behalf of himself, individually, against the same original defendants. In 1936, John P. Hogan amended the complaint that had been orig-inally filed by himself and Wright so that it appeared solely as a complaint filed by John P. Hogan. The causes went from the Boone Circuit Court to the Hen-dricks Circuit Court, on change of venue; and in the Hendricks Circuit Court, the Hogan case and the Wright case were consolidated and all parties stipulated that the consolidated cause proceed under the title and num-ber of the Wright case, and that all pleadings before the consolidation, together with all rulings of the court and exceptions thereto, should be the pleadings, rulings and exceptions in the consolidated cause.

A demurrer was filed to one of the complaints, which by stipulation of parties was made applicable to all complaints and paragraphs thereof. This demurrer attacked the jurisdiction of the court over the subject-

matter of the action; specified, that there was a defect of parties plaintiff in that the Department of Financial Institutions of the State of Indiana was a necessary and the sole plaintiff that was permitted by law to maintain the cause of action; specified, that the plaintiffs were not the real parties in interest, but that the Department of Financial Institutions of the State of Indiana was the sole real party in interest; and, also, specified, that the complaint did not state facts sufficient to constitute a cause of action. This demurrer was overruled by the court below and appellants filed an answer in four paragraphs. The first paragraph of answer was in general denial; the second was a plea of *res judicata*; the third was a verified plea denying that specified defendants were partners engaged in the banking business under the name and style of Peoples Bank of Whitestown, Indiana, or any other title or description; and the fourth attacked the jurisdiction of the trial court over the subject-matter of the action.

The theory of this fourth paragraph of answer was that a receiver had been appointed for the entity designated as Peoples Bank of Whitestown, Indiana, on or about the 16th day of December, 1929, in an action begun by the Bank Commissioner of the State of Indiana, and that such receivership was still pending; that no demand had been made upon such receiver or the Department of Financial Institutions of the State of Indiana to bring any action for the relief sought by the plaintiffs, and that the Department of Financial Institutions of the State of Indiana and the receiver had not relinquished their right to control, exclusively, all matters pertaining to the liquidation of such banking entity. This paragraph of answer also alleged that since the enactment and adoption of chapter 40 of the acts of the Legislature for the year 1933, commonly

known as the "Indiana Financial Institutions Act," and especially at all times since the adoption of chapter 5 of the acts of the Legislature of the State of Indiana for the year 1935, the plaintiffs had no right or authority or jurisdiction to maintain or prosecute their action; and that the court had no right or jurisdiction to proceed therein, but at all times the sole and exclusive right to prosecute the action, or any similar action, was in the Department of Financial Institutions of the State of Indiana, or its properly designated representative.

The primary appellees filed a demurrer to the second paragraph of answer, which was sustained, and a motion to strike out the fourth paragraph of answer, which was sustained.

It appeared from the second paragraph of answer, which was a plea of *res judicata*, that on the 12th day of September, 1934, one David Wynkoop, a depositor and creditor in the Peoples Bank of Whitestown, Indiana, brought an action in the same court for himself and all other persons similarly situated as depositors and creditors in the Peoples Bank of Whitestown, Indiana, and that such action had resulted in a judgment being rendered in favor of the plaintiffs therein, and all parties similarly situated who chose to come in and assert their claims in such class action, in the amount of $36,708.03 as against nine of the named defendants in the present action.

The appellants are relying, for reversal, upon alleged error of the trial court in overruling their demurrer to complaint; in sustaining the motion of the primary appellees to strike out their fourth paragraph of answer; in sustaining the demurrer of the primary appellees to their second paragraph of answer; and in overruling their motion for a new trial.

It does not appear from the pleadings or evidence that any notice was served upon the Department of Financial Institutions of the pendency of this action, or that it had declined to be connected with the prosecution thereof.

The first question presented for determination concerns the right of the primary appellees, Hogan and Wright, to maintain or continue their action subsequent to the enactment of the Indiana Financial Institutions Act by the General Assembly in the year 1933 (Acts 1933, ch. 40, p. 176; § 18-101 to § 18-2417, Burns' 1933, both inclusive; § 7723 to § 8218, Baldwin's 1934, both inclusive). Article 2 of Part 2 of such Act, § 41 to § 71 (§ 18-301 to § 18-331, Burns' 1933), sets forth comprehensive provisions for the liquidation of all covered financial institutions, except small loan companies. Section 63 (§ 18-323, Burns' 1933) specifies the procedure to be followed by the Department of Financial Institutions for enforcing the individual liability imposed by law upon the shareholders of a financial institution when it appears to the department that such institution is insolvent or that the cash value of its assets are not sufficient to pay its creditors in full. The section provides that the term "shareholder," as used in such section, means and includes a shareholder, partner or owner. This section was amended by the General Assembly in 1935 (§ 14 of ch. 5 of Acts of 1935, p. 22). This amendment became effective on January 28, 1935; and § 63 of the original act, after such amendment thereof, contains the following provision:

> "If, at any time after the department has taken possession of the business and property of any financial institution, pursuant to the provisions of this act, or if, at any time after a receiver may have been appointed for any financial institution pursuant to any law in effect prior to the passage

of the act of which this act is amendatory, it shall appear to the department that such financial institution is insolvent or that the cash value of its assets is not sufficient to pay its creditors in full, the department is hereby authorized and shall have the exclusive right to enforce the individual liability imposed by law upon the shareholders of such financial institution. If after a written demand has been made upon it by at least twenty-five creditors of such financial institution, duly acknowledged by each creditor signing the same before some officer authorized to take the acknowledgment of deeds, the department shall fail, neglect or refuse within sixty days thereafter to take the steps hereinafter provided for to enforce such individual liability then and in that event any creditor or creditors of such financial institution may proceed to enforce such liability by proper creditors' bill in equity. . . ."

This section and other sections of the act were before this court for construction in the case of *Hiatt* v. *Howard* (1937), 104 Ind. App. 167, 8 N. E. (2d) 136, where this court held that the provisions of the act concerning the liquidation of insolvent financial institutions and concerning the enforcement of the liability of shareholders in such insolvent financial institutions were retroactive, and that such provisions applied to covered financial institutions that had been closed and for which a receiver or liquidating agent had been appointed prior to the passage of the act as well as those which were closed thereafter. This court further held in such cause that the complaint of a depositor and creditor of an insolvent bank, which was filed before the act was passed, and which sought to enforce shareholders' liability to the suing creditor and all other creditors of the insolvent bank, did not state a cause of action after the passage of the act, because the statute was retroactive and the remedy provided therein was exclusive.

In the case of *Siegel* v. *Archer* (1937), 212 Ind. 599, 604, 10 N. E. (2d) 626, the Supreme Court of this State considers such opinion and says:

> "In the case of *Hiatt* v. *Howard et al.* the Appellate Court held that the Financial Institutions Act of 1933 conferred upon the Department of Financial Institutions exclusive power to enforce stockholders' individual liability; and that decision also held that the provisions of the Act had retrospective effect. In the Hiatt case the Appellate Court held that it was not error to sustain a demurrer to a complaint which was filed by a depositor of an insolvent bank for the purpose of enforcing stockholders' liability and which also sought to have appointed a 'trustee' to collect and distribute any amounts which should be recovered. The sole ground for the sustaining of a demurrer was that the Act of 1933 had conferred exclusive power upon the Department of Financial Institutions to enforce the stockholders' liability.
>
> "We are of the opinion that the reasoning and decision of the Appellate Court in the Hiatt case is based upon a correct construction of the provisions of the Act of 1933; and if there had been any question of the correctness of the Appellate Court's construction of the provisions of the Act of 1933 no question can possibly exist now in view of subsequent changes in the language of the pertinent provisions by legislative amendment."

The primary appellees admit that if their suit had been brought subsequent to the enactment of chapter 5 of the Acts of 1935, that they could not maintain it; but they contend that because a receiver was appointed for the insolvent bank in 1929, and the Department of Financial Institutions had never taken any steps to take over the liquidation of the bank from the receiver, or to intervene in the present action, and because the appellants had never raised any question concerning the right of the primary appellees to maintain this particular form of action, until the fall of

1938, that no question concerning the right to maintain it in its present form could then be raised. The cases of *Hiatt* v. *Howard* and *Siegel* v. *Archer, supra,* to which we have called attention, determine this contention adversely to the primary appellees.

The Indiana Financial Institutions Act did not take away or impair any previously existing rights of creditors of an insolvent bank to recover as against shareholders, partners, or owners; nor did it deny a remedy for the enforcement of such rights. It provided a substantially similar remedy, but it placed, primarily, in the Department of Financial Institutions the exclusive right to invoke such remedy. Where new legislation does not impair or take away previously existing rights nor deny a remedy for their enforcement, but merely modifies the procedure, while providing a substantially similar remedy, the jurisdiction, in pending proceedings, continues under the mode of procedure directed by the new legislation. *Moss* v. *The State ex rel. Mann* (1885), 101 Ind. 321; *Mayne* v. *Board of Commissioners of Huntington County* (1889), 123 Ind. 132, 24 N. E. 80; *Pittsburgh, etc., R. Co.* v. *Oglesby* (1905), 165 Ind. 542, 76 N. E. 165; *Woodruff* v. *State* (1930), 36 Ohio App. 287, 173 N. E. 206; *The People* v. *Clark* (1918), 283 Ill. 221, 119 N. E. 329.

After the passage of the Indiana Financial Institutions Act, it was necessary that pending proceedings to enforce shareholders' liability to the creditors of insolvent banks be conducted in accordance with the procedure provided for in § 63 of the act. The amended complaints of the primary appellees were filed after the effective date of such act and they wholly failed to show any compliance with § 63 as originally enacted, or as amended in 1935.

The trial court erred in overruling the demurrer of appellants, which, under the stipulation of parties, applied to both complaints and to all paragraphs thereof.

The next question presented is as to the sufficiency of the answer of *res judicata* filed by appellants to both complaints.

In the Wynkoop action, the plaintiff, as a creditor of the Peoples Bank of Whitestown, Indiana, filed an action on behalf of himself and all persons similarly situated, but the complaint asked that all parties similarly situated to the plaintiff, David Wynkoop, who cared to assert their claims and indebtedness against the defendants named in the complaint, and who were willing to share in the cost and liability for expense in such action, to join and set up their claims and demands, in such action. It further appears, from the answer of *res judicata*, that the plaintiffs in the present action did not appear as named plaintiffs in the Wynkoop action, and that they failed and refused to present any claim or demand.

The judgment in the Wynkoop action was rendered for the particular plaintiff, David Wynkoop, and the other creditors who intervened and asked to be named as parties plaintiff and who actually appeared and asserted their claims as creditors therein. In the Wynkoop action judgment was rendered against each of the defendants who are named as defendants in the present action, but judgment was also rendered in favor of certain defendants who are not named as defendants in the present action. The Wynkoop action was filed after the present action. It was begun in 1934, after the passage of the Financial Institutions Act in 1933, and judgment was rendered in 1936, after the effective date of the amendment to § 63 of the act, by the General Assembly in 1935. The plaintiffs in the Wynkoop action

filed a motion for a new trial, and upon the overruling thereof, appealed to this court, where the appeal was dismissed. See *Wyncoop, Admr.* v. *Laughner* (1939), 106 Ind. App. 457, 19 N. E. (2d) 486.

Briefly stated, the doctrine of *res judicata* is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or other judicial tribunal of concurrent jurisdiction. 30 Am. Jur., Judgments, § 161, p. 908, and cases cited.

It appears from the answer that the claims of the plaintiffs in this action were not questions or facts in issue in the Wynkoop action. The Wynkoop action was not tried as a general class action, where a creditor, as a representative of himself and all other creditors, makes proof of and seeks to recover a judgment for the entire indebtedness due all creditors; but it was a limited class action where the plaintiff sought to recover only for those creditors who intervened and made proof of their claims. It does not appear that any of the plaintiffs in the present action did so, and no judgment was rendered which included the indebtedness due such plaintiffs, nor was any judgment rendered finding that they were not entitled to recover upon their claims.

While the present plaintiffs might have intervened in the Wynkoop action and filed pleadings, so that their claims became a part of the issues for trial, they elected not to do so, and their claims were not provable under the issues therein made. The general rule is that the judgment in the former action settles all matters of controversy involved in the issues between the same parties to the subsequent action; that is, all matters litigated, or which might have been

litigated, within the issues as they were made, or tendered by the pleadings in the case, but not matters which might have been litigated under issues formed by additional pleadings. *Whitesell* v. *Strickler* (1907), 167 Ind. 602, 615, 78 N. E. 845; *United Oil & Gas Co.* v. *Ellsworth* (1909), 43 Ind. App. 670, 88 N. E. 362; *Burrell* v. *Jean* (1925), 196 Ind. 187, 146 N. E. 754; *Carpenter* v. *Carpenter* (1940), 108 Ind. App. 221, 27 N. E. (2d) 889; *Drudge* v. *Citizens' Bank of Akron* (1936), 209 Ind. 638, 196 N. E. 111, 200 N. E. 613.

A party who participates in litigation which he institutes or conducts in another's name, is conclusively estopped, by the decision and judgment therein, from again litigating the same issues with his adversary. *Roby* v. *Eggers* (1892), 130 Ind. 415, 29 N. E. 365; *Burns* v. *Gavin* (1889), 118 Ind. 320, 20 N. E. 799. But the primary appellees, by attending the trial of the Wynkoop cause, and aiding in the prosecution thereof, would not be estopped by the judgment therein, unless their claims were litigated under the issues therein made. Their claims were not so involved in the trial of the Wynkoop action. Two individuals may have like claims against the same debtor, with separate suits to enforce them. The fact that one of the claimants aids and assists in the prosecution of the action and trial of the cause of the other claimant, does not furnish sufficient grounds for estopping the assisting claimant from prosecuting his individual action. See *Litchfield* v. *Goodnow* (1887), 123 U. S. 549, 31 L. Ed. 199, 8 S. Ct. 210.

While it is true, generally, that no person is bound by a judgment, except one who is a party, or in privity with parties, there is an exception to the rule in the case of persons who are virtually represented. In such case a judgment in favor

or against the parties representing the general class is operative in favor, or against, all who are thus represented. See *Siegel* v. *Archer* (1937), 212 Ind. 599, 10 N. E. (2d) 626. But this is not true if, under the actual facts of the case, the interest of those claimed to be represented is antagonistic to the interest of the representative (See *Langson* v. *Goldberg* [1940], 373 Ill. 297, 26 N. E. [2d] 111), or where the interests of persons' not joined were not considered or protected by the court in rendering judgment (See *Schmidt* v. *Jewett* [1909], 195 N. Y. 486, 88 N. E. 1110).

The mere allegation that an action is brought in behalf of other persons similarly situated, or in behalf of those who desire to join and share in the expense, does not necessarily make the judgment operative, under the doctrine of *res judicata,* against persons not joining, on the theory they are virtually represented. *Hamer* v. *New York Railways Co.* (1917), 244 U. S. 266, 61 L. Ed. 1125, 37 S. Ct. 511; *Wabash Railroad* v. *Adelbert College* (1908), 208 U. S. 38, 57, 52 L. Ed. 379, 28 S. Ct. 182.

The Wynkoop action having been pleaded and tried, not as a general class action on behalf of all creditors similarly situated, but as a limited class action on behalf only, of such creditors as intervened and set up their claims, we hold that the judgment in such action is not a bar to the prosecution of this action, and that the trial court did not err in sustaining the demurrer of the primary appellees to the appellants' second paragraph of answer.

Appellants also allege error of the trial court in overruling their motion for a new trial, but since the questions thereunder presented would probably not arise in the event there was a retrial of this action, it is not necessary for us to consider them.

Because of error of the trial court in overruling appellants' demurrer, the judgment is reversed and the cause is remanded to the trial court with direction to sustain the demurrer to both complaints and for further proceedings in accordance with this opinion.

Judgment reversed.

Blessing, C. J., not participating.

Stevenson, J., dissents.

### DISSENTING OPINION.

STEVENSON, J.—The record in this case discloses that the Peoples Bank of Whitestown, Indiana, was a private bank, organized on or about the 13th day of May, 1929. The appellants were partners, engaged in the business of operating this private bank. Shortly after their organization, this private bank took over the assets of the Peoples State Bank of Whitestown, Indiana, and assumed all its liabilities. This partnership continued to operate this bank until the 20th day of December, 1929, when a receiver was appointed to liquidate the bank.

After approximately two years had elapsed, John P. Hogan and James S. Wright, as creditors and as representatives of all creditors, brought this action against the appellants, as partners and owners of the bank, to recover the amount due them. This action the appellees were entitled to maintain; and the owners of this bank, by engaging in such business, assumed unlimited financial liability for the obligations of the bank. *Hall* v. *Essner* (1935), 208 Ind. 99, 193 N. E. 86.

This common-law liability of partners, who engage in the business of operating a private bank, is also recognized by the Supreme Court of Indiana, in the case of *Hoffman* v. *Romack* (1937), 212 Ind. 421, 8 N. E. (2d)

831. In this case, the Supreme Court holds that the creditors of a private bank are not required to wait an indeterminate time for the payment of their obligations, and until the assets of a private bank can be finally liquidated, but recognizes the partnership liability, which rests upon the owners of the private bank to pay their creditors "at once."

In the case at bar, the record discloses that this private bank had been in the hands of a liquidating agent for two years before the appellees filed their suit against the owners of the bank. Various pleadings were filed from time to time thereafter by both parties and, finally, in 1938, nearly nine years after this bank was placed in receivership, the appellants then challenged the right of the appellees to maintain this action, under the theory that the Indiana Financial Institutions Act gave to the Department of Financial Institutions of this State, the exclusive right to maintain such actions.

It is my opinion that the provisions of this statute do not apply to private banks. Our Supreme Court has recently held that the Indiana Financial Institutions Act does not apply to private banks engaged in the process of voluntary liquidation. In the case of *Todd* v. *Brock* (1938), 214 Ind. 639, 642, 17 N. E. (2d) 467, our Supreme Court said: "When a private bank, such as we have in the instant case, is solvent and has sufficient assets to pay all its creditors in full then an individual creditor may maintain an action against the partners and shareholders of said bank."

If the common-law liability of partners to pay the debts of a private bank may be immediately enforced against them where solvent institutions are in the process of liquidation, there is much greater reason to permit the immediate enforcement of these obligations.

against the partners when their banking institution is insolvent.

The majority opinion apparently loses sight of the fact that these appellants are sued as individuals on a partnership liability for which they are jointly and severally liable. It has always been the law that "the creditors of a firm may sue the partners at law, personally, and recover personal judgments against them for the indebtedness owing them by the firm." *Lindley* v. *Seward* (1937), 103 Ind. App. 600, 5 N. E. (2d) 998. As was said by our Supreme Court, in the recent case of *Snyder* v. *Miller* (1939), 216 Ind. 143, 152, 22 N. E. (2d) 985: "The owners are liable as partners and not as stockholders in a banking corporation." See also *Borgman, Treas.* v. *State ex rel. Rodenbeck* (1937), 211 Ind. 395, 5 N. E. (2d) 522; *Wyncoop, Admr.* v. *Laughner* (1939), 106 Ind. App. 457, 19 N. E. (2d) 486.

Indeed, the statute upon which the appellants rely as vesting in the Department of Financial Institutions the exclusive authority to enforce their individual liability in this case, only vests in the department the exclusive right to enforce the individual liability imposed by law upon the "shareholders" of a financial institution. Ch. 5, § 14, Acts 1935. The appellants in this case are not sued as shareholders. They are sued as partners. Indeed, the term "shareholder," as used in the act above referred to, is defined in § 1 of the act to mean: "One who is a holder of record of shares of stock in a corporation."

Clearly, the appellants, as partners in the business of operating a private bank, are not shareholders within the meaning of this statutory definition. It is my opinion that the appellants in this case should not be permitted to now escape a suit at the hands of their creditors, by contending that the financial insti-

tutions act has changed their legal status from that of partners in the business to that of stockholders in a corporation.

If this action was prematurely brought by the appellees, because of their failure to first petition the Department of Financial Institutions to bring such action, this question should have been raised by a plea in abatement, and, if not so pleaded, must be deemed to have been waived. *Pittsburgh, etc., R. Co.* v. *Schmuck* (1914), 181 Ind. 323, 103 N. E. 325. At any rate, the liquidating agent had been in charge of this institution for nine years, and had done nothing to enforce the individual liability of the appellants. Under such circumstances, it would seem useless to now say that he should have been petitioned by the creditors so to do. "The law will not require a person to do a useless thing; . . . " *Meshberger* v. *Thomas* (1935), 99 Ind. App. 519, 523, 193 N. E. 392.

It is my opinion that the judgment of the lower court should be in all things affirmed.

NOTE.—Reported in 36 N. E. (2d) 972.