GRAY *v.* HAWKE MOTOR SALES, INC.

[No. 18,384. Filed May 25, 1953. Rehearing denied June 12, 1953. Transfer denied October 26, 1953.]

*James D. Lopp,* of Evansville, for appellant.

*Forrest M. Condit,* of Evansville, for appellee.

KELLEY, J.—Action in replevin by complaint of one paragraph by appellee, as owner, for possession of automobile and damages for the unlawful detention thereof. Answer in denial by appellant. Trial by court, without jury. Finding and judgment for appellee, that it recover the automobile of appellant and one dollar damages and costs; that appellant unlawfully detains same from appellee; that value of the automobile is $1900.00, which appellee shall recover of appellant if the latter fails to deliver up the automobile to appellee.

Appellant assigns as errors: (1) that court erred in overruling his motion to make the complaint more specific; (2) that court erred in overruling his motion for a new trial.

There was no error in overruling the motion to make the complaint more specific for the reasons: (1) It would have required the appellee to plead evidence; (2) Appellant has not affirmatively shown that the ruling was prejudicial to him or that he suffered substantial injury therefrom.

Appellant's motion for a new trial contained 12 items. Item 1 is that: "The decision and finding of the court is not sustained by sufficient evidence." We are unable to discern from appellant's brief and argument upon what ground he predicates said specification. Appellant appears to urge that appellee had the burden of proving ownership of the automobile and that it was required to do so by proving its own title without reliance upon the weakness of appellant's title. However, appellant does not apply his general proposition of law to the evidence nor does he point out any

absence or weakness of the evidence to support the claim of ownership by appellee. In fact, appellant makes no reference at all to the evidence other than to say that both he and appellee have certificates of title to the automobile issued by the State of Florida and, "in addition," he has a "certificate of title from the State of Indiana." Such meager allusion to the evidence affords us no ground upon which to determine the insufficiency thereof. To adequately consider appellant's contention, we would be required to review the entire record of the evidence in search of support for appellant's asserted cause for reversal. This we are not authorized to do. Indiana Trial and Appellate Practice, Flanagan, Wiltrout, and Hamilton, §2783.

It was admitted in the argument that evidence of probative value went to the court on the essential issues made by the pleadings and from which the court could draw reasonable inferences. Such being the case, we cannot weigh the evidence nor substitute our judgment for that of the trial court. §2786, Indiana Trial and Appellate Practice, *supra.*

Item 2 is that: "The decision and finding of the court is contrary to law." The brief of appellant is devoid of any asserted reasons to support this ground for reversal. We can only conjecture that appellant would have us conclude that the evidence was insufficient to support the finding of the court and, therefore, the decision is contrary to law. If such be appellant's contention, we have disposed of it under Item 1, above.

Items 3 to 11, inclusive, of the motion for new trial variously allege error in the admission by the court of certain evidence over appellant's objection and in the overruling by the court of appellant's objections to specified questions in certain depositions. Item 12 predicates error on the overruling of appellant's

motion to strike the depositions from the record. In no instance does the motion set out, either literally or in substance, the objection to the questions and the answers thereto, the objection made to the admission of evidence, or the motion to strike. Where objection was made to the admission in evidence of exhibits, neither a copy nor the substance of the exhibits is contained in the motion for new trial. Under such circumstances, no question for review is presented. Indiana Trial and Appellate Practice, Flanagan, Wiltrout, and Hamilton, §1977; *Bennett, et al.* v. *Wampler* (1937), 104 Ind. App. 173, 176, 8 N. E. 2d 117; *Coca Cola Bottling Company* v. *Wheeler* (1935), 99 Ind. App. 502, 504, 193 N. E. 385; *Meshberger* v. *Thomas* (1935), 99 Ind. App. 519, 522, 193 N. E. 392.

Judgment affirmed.

NOTE.—Reported in 112 N. E. 2d 459.