TEEGARDEN *v.* BROWN, ADMINISTRATRIX.

[No. 16,712. Filed March 5, 1942. Rehearing denied April 15, 1942.]

*Zeph E. Keller* and *Connor D. Ross,* both of Indianapolis, for appellant.

*Mays & Shine* and *Salyer & Cleveland,* all of Anderson, and *Donald L. Smith,* of Indianapolis, for appellee.

FLANAGAN, J.—This action grew out of an accident that occurred on August 30, 1937, at about 7:00 a. m. at the intersection of state road 67 with the Columbus Pike, which intersection is located in the outskirts of Anderson, Indiana. State road 67 is a three-lane paved highway running east and west, duly designated and marked as a preferential highway. Columbus Pike is a two-lane paved non-preferential highway running north and south. The two roads intersect at right angles and each corner of the intersection is extended in either direction by a curved wing of considerable width which is usually used for turning from one highway onto the other. Appellant, just prior to the accident, was driving an automobile which was approaching the intersection from the west on road 67.

The complaint alleges that appellee's decedent, James Rex Brown, just prior to the accident, was driving an automobile which was approaching the intersection from the south on the Columbus Pike. Appellant con-

tends that appellee's decedent entered state road 67 directly from private property east of the Columbus Pike and not from that road.

Appellee brought this action for the death of James Rex Brown which resulted from the accident above referred to. The verdict of the jury was for appellee in the sum of $3300 and judgment was entered on the verdict.

Errors relied upon for reversal are: (1) the ruling of the trial court in sustaining appellee's motion to amend the complaint after the close of all the evidence; and (2) the overruling of appellant's motion for a new trial.

Although appellee did make a motion to amend her complaint at the close of all the evidence, and although the court did grant her motion, she did not in fact amend in any regard. There could be no harm to appellant therefore in the granting of the motion.

The grounds for a new trial not waived are: (1) the verdict is not sustained by sufficient evidence; (2) the verdict is contrary to law; (3) error in giving the court's instructions numbered 3, 4, and 11; (4) error in giving appellee's instructions numbered 1 to 9 and 11 to 15, each inclusive; (5) refusal to give appellant's instructions numbered 1, 12, 14 and 17; and (6) newly discovered evidence.

Under his first two grounds for a new trial, appellant contends that the evidence shows that appellee's decedent did not enter the intersection as alleged in the complaint, but enterd state road 67 directly from the private property of a filling station situated southeast of the intersection.

The evidence shows that there was a filling station abutting the southeast corner of the intersection and

that appellee's decedent came out of the filling station onto the wing at that corner. There is evidence to support a finding that the pumps of this filling station were about 25 feet south of the south pavement line of road 67 and about 50 feet east of the east pavement line of the Columbus Pike; that the decedent pulled out from the pumps headed northwest and entered the wing about 15 feet south of the regular south pavement line of road 67 on that part of the wing which is immediately east of and adjoins the east regular pavement line of the Columbus Pike.

Appellant's position seems to be that this point is a part of road 67 and not a part of the Columbus Pike. We are unable to agree with appellant's position. We think the jury was justified in finding that this portion of the wing was a part of the Columbus Pike and that when the decedent entered the wing at this point and then proceeded in a northwesterly direction into the intersection and across that place which would be the regular south paved line of road 67 he entered the intersection from the Columbus Pike.

Under his grounds for a new trial numbered 1 and 2, appellant next contends that the decedent was guilty of contributory negligence as a matter of law in failing to stop before entering a preferential highway. The evidence on the point is so confused that it is not possible to tell where the decedent stopped, if at all. However, there is evidence that before the collision the decedent had proceeded across the south and middle lanes of highway 67 and was in the extreme north lane which was the lane to the extreme left of appellant. Even though the decedent's car entered the intersection without stopping, the question as to whether such negligence was a contributing

cause of his injuries and resultant death was for the jury. *Lindley* v. *Skidmore* (1941), 109 Ind. App. 178, 33 N. E. (2d) 797; *Keltner* v. *Patton* (1933), 204 Ind. 550, 185 N. E. 270; *Standard Oil Co. of Ind.* v. *Thomas* (1938), 105 Ind. App. 610, 13 N. E. (2d) 336.

Appellant's objections to the court's instructions numbered 3 and 4 and to appellee's instructions numbered 2 to 14 inclusive, and to the refusal to give appellant's instruction numbered 14 are based upon his theory of the evidence that the decedent entered road 67 from private property instead of from the Columbus Pike. In view of what we have heretofore said on that subject, it follows that no error was committed in the giving and refusing of the above instructions.

Appellant complains that the court's instruction numbered 11 assumes that the widow and children of decedent suffered some financial loss by his death. The evidence that they did is undisputed and appellant could not have been harmed by this assumption in the instruction.

Appellee's instruction numbered 1 is a correct statement of the law informing the jury as to the right of the personal representative to bring an action for damages suffered by dependants by reason of the death of husband and father. Appellant says that the giving of this instruction confuses the substantive with the procedural law. We find nothing harmful or confusing about the instruction. It simply informs the jury that the personal representative is the proper person to bring the action.

Appellant's tendered instruction numbered 1 is a correct instruction on the subject of contributory negligence but its subject-matter is fully covered by the court's instructions numbered 6 and 7.

Appellant's tendered instruction numbered 14 correctly informs the jury that negligence is not to be presumed from the mere happening of an accident but that negligence as alleged must be proved. This subject is fully covered by appellant's instructions numbered 10 and 11 which were given.

. The final ground for a new trial is newly discovered evidence. The new evidence is found in the offered testimony of Wendell H. Teegarden, son of appellant, that after the accident, James E. Brown, son of decedent, told him, "that he heard the crash and picked up his camera to take a picture as he always did when accidents occurred at that intersection but he didn't take the picture because when he ran out the door after the crash he recognized his father's car."

James E. Brown testified at the trial that he was inside the filling station building; that he saw his father's car enter the wing; that he saw appellant's car at the railroad 80 feet west of the intersection and watched it until the crash; that he reached for his camera when the accident occurred; that he threw it when he got to the door knowing it was his father that was in the accident.

Whether or not a new trial should be granted on the ground of newly discovered evidence is a matter largely in the discretion of the trial court and the judgment of that court will not be disturbed on appeal unless the new evidence is so convincing as to raise a strong presumption that a different result would be reached on a second trial. *Munson* v. *Quinn* (1942), 110 Ind. App. 277, 37 N. E. (2d) 693; *Cobler, Admr.* v. *Prudential Life Ins. Co.* (1941), 108 Ind. App. 641, 31 N. E. (2d) 678.

The testimony of the witness at the trial varies but little from his alleged statement made out of court.

At best the purpose of the newly discovered evidence can only be impeachment. We cannot say that it is of such materiality as to indicate a different result on another trial. It is not necessary for us to pass on the question as to whether appellant used due diligence in discovering the new evidence offered.

Judgment affirmed.

NOTE.—Reported in 39 N. E. (2d) 793.