GREEK ET AL. *v.* SEWARD ET AL.

[No. 27,876. Filed October 25, 1943. Rehearing denied January 21, 1944.]

*Thomas W. Lindsey*, of Evansville, and *Lutz, Johnson & Lutz*, of Indianapolis, for appellants.

*John H. Jennings*, of Evansville, for appellees.

O'MALLEY, J.—The appellant, administrator of the estate of Clara E. Sappenfield, deceased, filed a petition in the probate court of Vanderburgh County to secure an order of sale of real estate claimed to be owned by decedent at the time of her death, and to set aside two deeds covering the same real estate, one from the decedent to Louise E. Seward, and one from Louise E. Seward to Marjorie G. Clark.

The assigned error is predicated on the overruling of the motion for new trial on the ground that the finding is not supported by sufficient evidence and is contrary to law, and claimed error in the exclusion

of plaintiff's offered exhibit number six, which was a letter from Louise E. Seward to the decedent and evidently written about the time of the execution of the deed by decedent to Louise E. Seward.

Whether or not the exclusion of this letter constituted error is not before us, for the reason that the motion for a new trial does not set out the letter or its substance.

A motion for a new trial must set out the exhibit, or the substance thereof, in order that the court can determine whether or not harmful error exists without searching the record. While the motion does set out the offer, the objection and the exception, this is not sufficient. *Inter-Ocean Casualty Co.* v. *Wilkins* (1933), 96 Ind. App. 231, 182 N. E. 252; *Vaughn Building Company* v. *State of Indiana* (1933), 97 Ind. App. 556, 185 N. E. 656; *Kenwood Tire Co.* v. *Speckman* (1931), 92 Ind. App. 419, 176 N. E. 29.

The remaining questions are whether or not the finding of the court is sustained by sufficient evidence or is contrary to law.

If the deed from the decedent to Louise E. Seward passed title, then we are not concerned with the deed from Louise E. Seward to Marjorie G. Clark. Louise E. Seward was the only witness who testified on this subject and she stated that the deed was thrown in the door to her and the decedent said that she wanted nothing more to do with the property. She further testified that she was trying to sell the property. Rent receipts were also placed in evidence, which indicated she had rented the property and collected the rent.

The appellant claims there is no evidence that the deed was ever delivered to Louise E. Seward, or that she accepted the same.

To constitute delivery, no particular form of words or acts is. prescribed. The intention of the grantor to part with all dominion and control over the ■ deed, when evidenced by words or acts evincing that intention, constitutes delivery. *Klingaman* v. *Burch* (1940), 216 Ind. 695, 25 N. E. (2d) 996.

From the evidence the court had the right to infer that the deed was both delivered to and accepted by Louise E. Seward. It is immaterial whether the ■ deed was thrown in the door to her, or whether it came in the mail. In either event there was evidence to support the finding of delivery and acceptance. This court will not weigh the evidence. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. (2d) 905.

There being ample evidence to support the finding of the court, the judgment is affirmed.

NOTE.—Reported in 51 N. E. (2d) 3.