ANDERSON ET AL. *v.* MOISE ET AL.

[No. 17,353. Filed November 9, 1945.]

*Anderson, Hicks & Anderson,* of Gary, for appellants.

*Joseph Demarti, Jr., Gavit, Richardson & Moise,* and *Samuel P. Moise,* all of Gary, for appellees.

FLANAGAN, J.—The pleadings, issues and parties joined appear to be somewhat unorthodox in this case because two separate actions were consolidated for trial

and the parties without objections filed pleadings which were in many ways unique but which succeeded in getting their entire controversies before the court. We will outline only the pleadings which formed the issues finally submitted for trial.

The complaint of appellee Samuel P. Moise is against appellants F. Laurence Anderson, Rosalia Heinrich, Edler Bell and others, seeking to quiet title to certain real estate, for an injunction against interference with his possession thereof and for an accounting of rents collected.

The defendants, other than Heinrich and Bell, filed answers disclaiming any interest in the involved real estate.

Heinrich and Bell filed a pleading in four paragraphs designated a cross-complaint. The first paragraph alleges that Bell has a contract with Heinrich to purchase the involved real estate; that Bell took possession under that contract in 1930; that Bell thereafter appointed appellee Fred C. Calhoun, his agent, to collect the rents from said property; that Calhoun has collected rents in an amount unknown and refuses to account for them. An accounting is demanded. The second paragraph seeks to recover from Calhoun $75.00 alleged to have been deposited with him by Bell for the use and benefit of Heinrich. The third paragraph seeks to recover $1,000.00 from Calhoun for money had and received. The fourth paragraph alleges the same facts as the first and also that appellees Samuel P. Moise and Fred C. Calhoun have combined to cut off the cross-complainants' rights; that the title of Moise to the involved real estate is based on a quitclaim deed from Heinrich which was obtained by fraud and without consideration; that said deed is in fact a mortgage.

Moise and Calhoun filed answers denying the allegations of the cross-complaint.

Trial was to the court which made a special finding and entered conclusions of law thereon in favor of appellees. From the judgment which followed this appeal is taken.

Appellants claim error (1) in the conclusions of law, (2) in overruling their motion to vacate the judgment, and (3) in overruling their motion for a new trial. Appellants fail to support their proposition relating to the above claimed error number (2) with any authority, and it will therefore be given no further notice. Rule 2-17. The grounds for a new trial relied on are (1) that the decision is not sustained by sufficient evidence, and (2) that the decision is contrary to law.

Appellants contend that the court erred in its conclusions of law regarding the taxing of costs. Such conclusions of law are, however, mere surplusage to be disregarded. *Boyer* v. *Everetts* (1916), 185 Ind. 272, 113 N. E. 1003; *Sputh* v. *Francisco Bank* (1938), 105 Ind. App. 149, 13 N. E. (2d) 880; *McCabe* v. *Grantham* (1941), 108 Ind. App. 695, 31 N. E. (2d) 658.

Appellants say that the conclusions of law in favor of Calhoun could be correct only if Calhoun was not the agent of Bell to collect rents, whereas the court by its finding numbered A-2 found that Calhoun was in fact the agent of Bell. The court did find that Calhoun was Bell's agent—but only for the purpose of the negotiations to buy the involved real estate. And the court distinctly found that Calhoun was not Bell's agent for the management of the property or the collection of the rents.

Appellants also say that the conclusions of law in

favor of Calhoun could be correct only if Calhoun was authorized to use rent money to build an additional room on the house located on the involved real estate. This proposition is not supported by authorities and therefore cannot be considered. Rule 2-17.

All other propositions asserted by appellants in reference to the conclusions of law do not relate to such conclusions but are to the effect that the finding of the court is not sustained by sufficient evidence.

Under their proposition that the decision is not supported by sufficient evidence appellants made 12 points. However their points numbered 2, 3, 4, 5, 8, 10 and 12 relate to findings which are immaterial to the court's conclusion. The other points challenge the following material findings: (1) That the amount due on the Heinrich mortgage was $297.91; (2) that Anderson had received rentals for the involved property amounting to $720.00; (3) that Calhoun took over the management and control of the involved property voluntarily and was therein not the agent of Bell or Heinrich; (4) that Bell and Heinrich had abandoned both their contract concerning sale of the real estate and the real estate itself; (5) that Moise paid a valuable consideration for the quitclaim deed to the involved property which he obtained from Heinrich; and (6) that at the time he obtained the quitclaim deed Moise had no notice, actual or constructive, that Bell had or claimed any interest in the real estate conveyed.

On each of the points challenged there is conflicting evidence. However there is ample to support each. This court will not weigh the evidence.

Appellants made 20 points under their proposition that the decision is contrary to law. Points numbered 1,

3 and 14 relate to the sufficiency of the evidence which has heretofore been discussed. Points 2, 4, and 5 refer to the failure of the court to find certain facts. The facts which appellants say should have been found are the exact opposite of those which the court did find and the questions raised have heretofore been considered in connection with the sufficiency of the evidence. Points numbered 6, 7, 8, 9, 10, 11, 12, 13, 19 and 20 are mere statements not applied to anything. They present no question. By their points numbered 15, 16, 17 and 18 appellants contend that when Anderson filed a disclaimer he was no longer a party and no finding against him could be made.

There is no merit to the contention. Anderson disclaimed any interest in the involved real estate, but he could not thereby avoid the charge in the complaint of appellee Moise that he had collected money belonging to Moise and not properly accounted for it.

Judgment affirmed.

Draper, J., not participating.

NOTE.—Reported in 63 N. E. (2d) 303.