ARMSTRONG ET AL. *v.* AZIMOW

[No. 17,691. Filed January 19, 1948. Rehearing denied March 5, 1948. Transfer denied April 5, 1948.]

*Busby & Davisson, and Johnson & Stewart,* all of Anderson, attorneys for appellants.

*Vermillion & Neff,* both of Anderson, attorneys for the appellee.

DRAPER, C. J.—In the court below the appellee, Ben Azimow, was found to be the owner of a lot in the city of Alexandria, and a judgment was rendered quieting his title thereto.

George J. Armstrong acquired ownership of the lot in 1934. · Azimow asserted he bought the lot from George J. Armstrong in July, 1937, and paid the price in full; that George J. Armstrong, his wife joining, later made and delivered to him a proper and sufficient deed to the lot; that the deed was lost and after an extensive and diligent search could not be found; and it was, therefore, never recorded.

The appellants John Armstrong (not related to George J. Armstrong) and Ermil Allen asserted they bought the lot from George J. Armstrong in February, 1946; that they paid him for it and received a deed which was duly recorded on February 28, 1946.

The appellants first assert the decision is contrary to law and not sustained by sufficient evidence.

The evidence with regard to the sale of the lot, and the execution and delivery of a deed by George J. Arm-

strong and his wife to Azimow is so conflicting that much of it could not possibly have any foundation in fact. Indeed, to reach a decision the trial court was plainly required to disbelieve the testimony of some witnesses almost in its entirety. It seems to us no good purpose could be served by setting out this conflicting evidence. We are aware of the fact that extreme caution should be exercised in decreeing the existence of a lost deed and thus establishing title to real estate. We realize, too, that the contents and execution of such a deed must be proven with reasonable certainty. *Thompson* v. *Thompson* (1857), 9 Ind. 323. A careful examination of the record convinces us that the evidence on the subject most favorable to Azimow is sufficient in all respects to sustain the finding in his favor.

The appellants John Armstrong and Ermil Allen insist the finding runs counter to the provisions of §§ 56-118 and 56-119, Burns' 1943 Replacement, for the reason that, under the evidence, they were purchasers in good faith, for a valuable consideration, and without notice of appellee's rights. There is evidence to establish the following: Azimow took possession of the lot as the owner thereof in July, 1937, and has ever since retained possession of and used the lot and building thereon. During that time he used it for the storage of wire, junk and lumber. The appellant Allen ran a filling station next door to the lot. He frequently saw Azimow on the lot; saw him unload lumber there; requested permission from Azimow to put a fence across the front of the lot, which was granted on condition it be removed upon Azimow's request; was told by another party that Azimow was renting part of the lot to him; offered to pay Azimow rent for part of the lot himself; frequently asked Azi-

mow to sell the lot to him; and about two years before the controversy arose was told by Azimow that the latter had a deed to the lot but had lost it and had been promised another.

The appellant John Armstrong was a brother-in-law and partner of Allen. He passed the lot several times a day for years; saw Azimow put materials on the lot and knew the materials belonged to Azimow; bought wire from Azimow and saw the wire removed from the lot; was told on several occasions that the lot belonged to Azimow; and about six months before they got their deed from George J. Armstrong, both John Armstrong and Allen asked Azimow to sell them the lot, and he told them when he was ready to sell he would give them first chance. In the face of this evidence the appellants' contention must be overruled. See *C. Callahan Co.* v. *Lafayette Consumer Co.* (1936), 102 Ind. App. 319, 2 N. E. 2d 994.

Allen and Armstrong next assert error in the refusal of the court to permit them to introduce in evidence an admitted specimen of the handwriting of Azimow, for the purpose of comparing it with certain handwriting on a check introduced by Azimow to show payment for the lot, and claimed by Azimow to have been written by George J. Armstrong; but claimed by Allen and John Armstrong to be in the handwriting of Azimow himself.

The assignment in the motion for new trial in which complaint in this regard is made is general in its terms. It does not identify the specimen of handwriting relied upon by exhibit number or otherwise. Neither the nature or substance of the objection made to its introduction in evidence nor the court's ruling on such objection is set out. See *K. W. Ignition Co.* v. *Greenville Metal, etc., Co.* (1918), 66 Ind. App. 345, 114 N. E. 989. Moreover, the inquiry was

collateral and did not involve either the signature on or the endorsement of the check, and the court's refusal to admit it, if erroneous and properly assigned, could not work a reversal.

Of the other two assignments of error, one is expressly waived, and the other is waived by appellants' failure to support it by the citation of any authority. Rule 2-17, Rules of Supreme Court.

Judgment affirmed.

NOTE.—Reported in 76 N. E. 2d 692.