LINCOLN FINANCE CORPORATION *v.* MORGAN ET AL.

[No. 17,992. Filed February 27, 1950.]

*Darrel L. Hodson*, of Kokomo, for appellant.

*Naftzger & Newell*, of Kokomo, for appellees.

DRAPER, C. J.—Morgan owned a Pontiac Sedan. On December 27, 1947, he mortgaged it to Lincoln Finance Corporation to secure a loan of $1,556.50. The mortgage was duly recorded on January 6, 1948. About March 1, 1948, Morgan had the automobile delivered to Anderson Motor Sales to be repaired and rebuilt. It was then in a wrecked and dismantled condition, worth only three or four hundred dollars. Anderson did the work and on July 27, 1948, duly recorded notice of intention to hold a mechanic's lien on the car.

Morgan had made only one monthly payment on the mortgage, and so in October, 1948, the finance company filed complaint in replevin against Morgan and Anderson. Morgan was defaulted. Anderson answered under the rules and further sought foreclosure of the mechanic's lien. The loan company replied under the rules, and in particular asserted that its prior recorded chattel mortgage contained a provision that "no person shall acquire any lien or claim on said property without the written consent of said mortgagee."

The court established the mechanic's lien in the sum of $1,862.15 (including interest and attorney fees) as a lien prior to that of the mortgage, and ordered the car sold and the proceeds applied. No judgment of any kind was rendered against Morgan. The principal question is whether the mechanic's lien could properly take precedence over the mortgage.

The evidence most favorable to the appellee Anderson shows that the loan company's vice-president went with its collection manager to Anderson's garage along about March or April of 1948. At that time the car was torn down and so strewn about that one could "walk through it." They did not tell Anderson they would not be responsible for the repairs. They asked him what he thought it would take to complete the work. At that time it was impossible for him to tell them. Later, when the work was about two-thirds done, they came to the garage again and told Anderson they were going to take the car over and pay the repair bill; that Anderson should finish the car and keep the cost down as low as possible; and he should call them when the car was done.

Our statute provides that the lien of a duly filed chattel mortgage shall be superior to the rights of subsequent lienors. Acts 1935, ch. 147, § 2, p. 498; Burns' 1933 (1949 Supp.), § 51-502. But our Supreme Court has recognized an exception thereto in a case involving an automobile where the mortgagee has expressly or impliedly consented to the making of repairs. *Personal Finance Company* v. *Flecknoe* (1940), 216 Ind. 330, 24 N. E. 2d 694. In *J. A. Broom & Sons* v. *S. S. Dale & Sons* (1915), 109 Miss. 52, 67 So. 659, the lien of a mechanic making repairs on a chattel was held superior to the lien of one standing in the position of a chattel mortgagee who held a mortgage prior in time, where he had actual

knowledge of the repairs being made and made no objection to the making thereof. That case was cited with approval in *Personal Finance Company* v. *Flecknoe, supra.* We think the evidence in this case was sufficient to show that the mortgagee consented to the making of the repairs and to the subordination of its lien. Anderson had no actual knowledge of the mortgage. At the very least the loan company would be estopped to assert a priority if, as it appears, it stood by in such a manner as to induce Anderson to do the work. 31 C. J. S., Estoppel, § 98.

We cannot agree that the appellee acquired no lien or claim because the mortgagee did not consent in writing. The provision was inserted for the protection of the mortgagee and it could be waived by the mortgagee. Cf. *McClellan* v. *Beatty* (1944), 115 Ind. App. 173, 53 N. E. 2d 1013, 55 N. E. 2d 327. We think that under the facts in this case, the loan company must be considered to have waived the benefit of the provision.

Other propositions are both unimportant and unsupported by the citation of any authority. We therefore pass them without further comment. Rules of the Supreme Court, 2-17 (f).

As above stated, the court rendered no judgment against Morgan. The judgment against the appellant finance company is affirmed; and the cause is remanded to the trial court for final disposition as between the appellant and the defendant Morgan. Rules of the Supreme Court, 2-3.

NOTE.—Reported in 90 N. E. 2d 522.