SIEBEKING ET AL. *v.* FORD, ADMINISTRATRIX, ETC.

[No. 18,924. Filed February 20, 1958. Rehearing denied April 3, 1958. Transfer denied May 12, 1958.]

476

478

*Nat H. Youngblood, Herman L. McCray* and *William L. Craig,* all of Evansville, for appellants.

*John H. Jennings* and *Gerald G. Fuchs,* both of Evansville, for appellee.

PFAFF, J.—This is an appeal from a judgment in an action brought by Earl Ford to recover damages for loss of services and expenses arising out of the wrongful death of his minor son, Billy Allan Ford, age 17, in an accident between a truck owned and operated by appellants and a motorcycle operated by said Billy Allan Ford on or about April 1, 1952 in the city of Evansville, Indiana. Earl Ford died on December 8, 1954 and thereafter Gladys Ford (mother of Billy Allan Ford) as administratrix of his estate was substituted as party plaintiff, now appellee.

The cause was tried by a jury and the jury returned a verdict assessing appellee's damages in the amount of $10,000 and judgment was entered upon such verdict.

Appellee makes certain contentions as to defects in the transcript and appellants' brief. One is that, "there is no showing in the appellants' brief that the Clerk of the court made any kind of certification of the transcript of record in accordance with

any praecipe." We are not clearly informed in what respect the certification is deficient and do not note any such deficiency. The statutory provisions as to the place of insertion of the praecipe in the transcript is directory only and insertion at another place is sufficient. The praecipe, which is in the transcript at page 626 in the instant case, is as follows:

> "The defendants hereby request you to make up a full, complete, true and correct transcript of all the papers, orders and proceedings filed, made and had in this cause, excepting only the defendants' original bill of exceptions containing the evidence, and which said bill of exceptions you are requested to embody in said transcript without copying and when so prepared, you will certify the said transcript for use on appeal of this cause to the Appellate Court of Indiana."

The fact that such praecipe was not appended to the transcript immediately before the certificate of the Clerk is immaterial. Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, §2201, Comment 9; *Cleveland, etc. R. Co.* v. *Morrey* (1909), 172 Ind. 513, 88 N. E. 932; *Siebeking et al.* v. *Ford* (1955), 125 Ind. App. 365, 122 N. E. 2d 880.

It is not essential that the Clerk's certificate or the praecipe be incorporated in appellants' brief. *Paul* v. *Walkerton, etc. Cemetery Assn.* (1933), 204 Ind. 693, 184 N. E. 537; *State* v. *McNulty* (1950), 228 Ind. 497, 92 N. E. 2d 839; *Gray* v. *Miller* (1952), 122 Ind. App. 531, 106 N. E. 2d 709. In *State* v. *McNulty, supra,* it was stated by Judge Starr:

> "Appellees insist that appellant's brief does not comply with our rules. They object that said brief does not set out appellant's praecipe for the transcript, nor does it set forth that the indictments were endorsed as a 'true bill' or that they were endorsed by the foreman of the grand jury. There is no merit to any of these objections. Enough of the record is set out to fully present the

errors relied upon as required by Rule 2-17 of this court. If a praecipe was not filed, or if any or all of the indictments were not endorsed as required by law, such facts could have been pointed out in appellant's answer brief as provided by Rule 2-18 of this court."

Appellants complain first of the overruling of their motion to strike out parts of appellee's amended complaint. The overruling of a motion to strike out part of a pleading is not ordinarily reversible error, even though such action is erroneous. *Trent* v. *Rodgers* (1952), 123 Ind. App. 139, 104 N. E. 2d 759; *Heinrich* v. *Ellis* (1943), 113 Ind. App. 478, 48 N. E. 2d 96; *Lindley* v. *Sink* (1940), 218 Ind. 1, 30 N. E. 2d 456; *Holloway* v. *Thompson* (1942), 112 Ind. App. 229, 42 N. E. 2d 421. In *Trent* v. *Rodgers, supra,* this court, speaking through Judge Bowen, said:

"The overruling of a motion to strike out part of a pleading ordinarily is not reversible error, even though such action be erroneous. *Heinrich* v. *Ellis* (1943), 113 Ind. App. 478, 48 N. E. 2d 96; *Lindley* v. *Sink* (1940), 218 Ind. 1, 30 N. E. 2d 456; *Holloway* v. *Thompson* (1942), 112 Ind. App. 229, 42 N. E. 2d 421. From an examination of the whole record we must conclude that appellant's first assignment of error is not tenable. *American Income Insurance Co.* v. *Kindlesparker* (1942), 110 Ind. App. 517, 37 N. E. 2d 304; *Butt* v. *Iffert* (1909), 171 Ind. 554, 86 N. E. 961; Flanagan's Pleading and Procedure §126, p. 181, and cases therein cited; 2 Lowe's Revision Work's Indiana Practice §23.30, p. 127."

From an examination of the whole record, such action was not error in this case.

Appellants next complain that the court erred in overruling their demurrer to the amended complaint. No authorities are cited for their contention, but appellants simply say, "the error committed by the trial court in overruling defend-

ants' demurrer to plaintiff's amended complaint is involved in later rulings of the trial court made during the trial of this cause, and will be discussed later in this brief." We find no further discussion in the appellants' brief and no error is presented. Alleged errors are waived by a failure to support the argument by authorities as required by Rule 2-17 (e) and (f), Rules of the Supreme Court. *Stanley* v. *Gieseking* (1952), 230 Ind. 690, 105 N. E. 2d 171; *Dowd, Warden, etc.* v. *Basham* (1954), 233 Ind. 207, 116 N. E. 2d 632; 2 West's Indiana Law Encyclopedia (Appeals), §387, p. 262:

"The argument in a brief should be supported by carefully selected authorities, *Walls* v. *State ex rel. Malott* (1894), 140 Ind. 16, 38 N. E. 177, and a mere contention, unsupported by authorities, does not constitute a brief within the rules. *Hollingsworth* v. *State* (1887), 111 Ind. 289, 12 N. E. 490. Rule 2-17 (e) requires the citation, in the argument portion of the brief, of authorities and statutes relied upon, together with the setting out verbatim of the relevant parts of such statutes as are deemed to have an important bearing, and where the appellant's brief fails to cite any authorities either in point or by analogy, in support of his contentions, such contentions are waived. *White* v. *Board of Medical Registration and Examination of Ind.* (1956), 235 Ind. 572, 134 N. E. 2d 556. Under the prior rule requiring a portion of the brief to be prepared under the heading 'Propositions, Points and Authorities,' a proposition urged by the appellant without presenting any authorities in support thereof would not be considered by the reviewing court, *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Lincoln Finance Corp.* v. *Morgan* (1950), 120 Ind. App. 116, 90 N. E. 2d 522; *Egger* v. *Huff* (1948), 118 Ind. App. 461, 81 N. E. 2d 378; *Carithers* v. *Carithers* (1946), 116 Ind. App. 607, 65 N. E. 2d 640; *Anderson* v. *Moise* (1945), 116 Ind. App. 240, 63 N. E. 2d 303, and, accordingly, an alleged cause for a new trial, *Halbert* v. *Hendrix* (1950), 121 Ind. App. 43, 95 N. E. 2d 221, and an assign-

ment of error, *Armstrong* v. *Azimow* (1948), 118 Ind. App. 213, 76 N. E. 2d 692, not supported by citation of any authority, were not considered by the reviewing court and were held waived.

"By virtue of Rule 2-15 additional authorities in support of any proposition stated in the briefs may be filed by either party at any time, without comment or argument. Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, §§2692, 2693."

Appellants next contend that the verdict is contrary to law and not sustained by sufficient evidence.

Their contention is that, "the uncontradicted evidence of every witness who testified on the subject at the trial of this cause shows that Billy Allan Ford was guilty of negligence which proximately contributed to his death." Appellants further contend that the court erred in not directing a verdict upon their motion that it do so, which contention is based upon the same ground and which reads as follows: "These two causes present a court's error in overruling the defendants' motion for a directed verdict at the close of plaintiff's evidence and which motion was renewed and restated at the close of all the evidence. It is the defendants' contention that the uncontradicted evidence in this cause so conclusively shows contributory negligence as a matter of law, that both of said motions should have been sustained." This requires an examination of the evidence in this case.

On the first day of April, 1952, at about the hour of nine o'clock in the morning, Division Street was a paved public highway in the corporate limits of the city of Evansville, Indiana, and extended in a more or less easterly and westerly direction; that Fares Avenue extended in a northerly and southerly direction and was also a paved public street in said city and the same extended into the said Division Street from the south. North Fares Avenue enters Division

Street from the north at a point considerably east of where it is entered by South Fares Avenue.

One Adrian Smith, a witness for the appellee, testified that in accordance with instructions from his employer, he drove Billy Allan Ford and one James McIntosh to the armory so that they could ride two motorcycles back to the employer's place of business. They left the armory, with Smith driving his automobile in the lead. As they approached Fares Avenue, Ford was behind Smith and McIntosh was behind Ford, the latter two riding motorcycles owned by Bud Bays, a motorcycle dealer in the city of Evansville.

The appellant, William H. Siebeking, who was then admittedly acting as the agent, servant and employee of the other appellant, Farm Bureau Cooperative and Hatchery, was driving a truck owned by the Farm Bureau south on North Fares Avenue. He entered Division Street, turned west intending to turn left upon arriving at South Fares Avenue. Considerable evidence was introduced on the question of whether the appellant Siebeking gave a signal indicating he was going to make a left-hand turn. The appellants admit that the evidence on that point was contradictory and warranted the submission of that question of fact to the jury insofar as that one question was concerned.

After Siebeking turned west on Division Street, the automobile being driven by Smith passed him. Ford, on the motorcycle, attempted to pass, starting around as Smith completed passing, but Siebeking turned left into his path and Ford came in contact with the truck, resulting in his death.

Appellants argue that Ford was guilty of contributory negligence as a matter of law in that he was attempting to pass the truck owned by the appellant, Farm Bureau, and being driven by the appellant Siebeking within one hundred feet of an intersection;

that the accident happened within the bounds of an intersection; and that Ford was going at an excessive rate of speed.

There was evidence concerning the physical conditions at the scene of the accident, including the location of buildings. Photographs were introduced. There was evidence that Smith was traveling 25 miles per hour when the accident happened and had been traveling 20 miles per hour as he approached the intersection and the truck being driven by Siebeking; that the motorcycles following him had to follow at the same rate of speed to keep up with him. There was further evidence that the accident happened in a residential district. There was no other particular traffic at that time.

The question of whether an injured party's negligence was a proximate cause of the accident is generally for the jury. 3 West's Indiana Law Encyclopedia (Automobiles), §§137-138. Where reasonable men might honestly differ in their conclusions, the question of proximate cause is for the jury. We cannot say that the evidence, without conflict, compels the conclusion that any negligence on the part of the deceased proximately contributed to his death. *Beckstein* v. *Sayler, Admr.* (1931), 93 Ind. App. 686, 179 N. E. 581; *Oliver* v. *Coffman* (1942), 112 Ind. App. 507, 45 N. E. 2d 351; *Teegarden* v. *Brown, Admx.* (1942), 111 Ind. App. 159, 39 N. E. 2d 793, with cases cited.

Appellants argue that the giving of certain instructions was error. Appellee claims that no error is presented in the giving of instructions for the reason that the objections made to the instructions are not set forth in appellants' motion for new trial.

It has been held in many cases that to present error in the admission of evidence, the objections made must

be set forth in the motion for new trial. The reason for this requirement is to give the trial court a further opportunity to consider and to correct any error it has made while the case is still under its control. The failure to specifically bring to the attention of the trial court the alleged error cannot, therefore, be cured by the briefs in this court as the matters were not properly presented in the court below. *Kenwood Tire Co.* v. *Speckman* (1931), 92 Ind. App. 419, 176 N. E. 29; *Wabash Portland Cement Co.* v. *Stevens* (1931), 93 Ind. App. 208, 178 N. E. 5; *Durham* v. *City of Indianapolis* (1952), 123 Ind. App. 74, 108 N. E. 2d 205. In *Durham* v. *City of Indianapolis, supra,* Judge Crumpacker, speaking for this court, said:

". . . However the question of whether or not competent evidence was thus erroneously rejected is not before us because the appellant's motion for a new trial, which he designates 'a petition for a rehearing,' fails in each instance complained of, to set out the question propounded, the objection thereto, the offer to prove and the court's ruling thereon. *Keeling* v. *Board of Zoning Appeals of Indianapolis* (1947), 117 Ind. App. 314, 69 N. E. 2d 613; *City of Gary* v. *McNulty* (1935), 99 Ind. App. 641, 194 N. E. 193; *Brodt* v. *Duthie* (1933), 97 Ind. App. 692, 186 N. E. 893; *Vaughn Building Company* v. *State of Indiana* (1933), 97 Ind. App. 556, 185 N. E. 656.

"This rule seems technical at first blush but it is not so when we consider that it is the sole function of a court of appeals to review questions of law decided by the trial court and no ruling of such court, involving the admission or exclusion of evidence, will be reversed which it had no opportunity to correct as shown by the motion for a new trial. *Falley* v. *Gribling* (1891), 128 Ind. 110, 26 N. E. 794.

"Finally the appellant contends that the decision of the court is contrary to law because the Board of Public Safety had insufficient evidence before it to sustain its order of dismissal. His brief con-

tains no recital of the evidence and, while we are inclined to indulge a practical liberality in passing upon the sufficiency of a brief if it exhibits a good faith effort to comply with the rules, we cannot characterize the total disregard of a rule as such an effort and under such circumstances we will not resort to the record in a search for reversible error. *Wabash Township* v. *Cooper* (1943), 221 Ind. 304, 47 N. E. 2d 611."

Formerly, it was not necessary to make specific objections to the giving of instructions, but in 1940 the Supreme Court adopted Rule 1-7 requiring such objection. Much the same reason for setting forth the objections would seem to exist also as to setting forth the oral objections made to instructions where such objections have not been brought into the record by a bill of exceptions at the time of the ruling on the motion. It is stated in Gavit's Indiana Pleading and Practice, Vol. 2, §465, p. 2427:

"It has been pointed out above that if the assignment is as to a ruling as to the admission of evidence, it is required that the motion set out in detail the exact situation presented.

"It is always required that the ruling involved must be referred to specifically.

"Rulings as to the instructions come within this clause. *Smith* v. *State* (1932), 203 Ind. 561, 181 N. E. 519, 81 A. L. R. 1154. It has always been required that the instruction in question be accurately identified. *Pennsylvania Co.* v. *Ebaugh* (1899), 152 Ind. 531, 53 N. E. 763, and in the light of the cases on the sufficiency of the motion to present a question as to the evidence caution suggests that the instruction and objection be set out in the motion in full."

However, more than seventeen years have elapsed since the original adoption of Rule 1-7 and we have found no decision of this or the Supreme Court requiring such objections to appear in the motion for new trial. We know from the hun-

dreds of cases which have been passed upon by this court where instructions were questioned, that in at least a large number, and perhaps in most of them, the objections were not contained in the motion for new trial. The requirement of setting forth the objections made to the introduction of evidence was criticized by the late Hon. Frank N. Richman as being based upon a 1929 dictum. 9 Indiana Law Journal (The Growth of a Dictum), p. 149.[1] Regardless of the

---

1. "We have Biblical authority, if it were needed, for the statement that the tongue is an unruly member. The carelessly spoken word sometimes causes a lot of trouble. Not less hazardous is the inadvertent written word. Frequently its results are far reaching, especially when it appears in the opinion of a court of last resort.

"In the case of *Greer* v. *State*, 201 Ind. 386, the opinion contains the following statement:

" 'The appellant did not set out in his motion for a new trial, nor has he set out in his brief, the answers given to the questions of which he complains. These answers, or at least a statement of their substance, and not merely the questions themselves, must be presented, *together with his grounds of objection*, in order for a determination to be made by this court of the existence of harmful error, and the court will not search the record for the evidence adduced by the questions complained of.'

"Up to this time, November 14, 1929, it is submitted, the Indiana appellate courts had consistently held that no question as to the admission of evidence was presented for decision unless the motion for new trial contained in substance the question to which objection was made, and the answer, and that no question as to the exclusion of evidence was presented unless the motion for new trial showed in substance the question, and the contents of the offer to prove. The courts had consistently held also that both the record and appellant's brief in its statement of the record (referring to the page and line of the transcript) should show, in the one case, the question, the objection, the offer to prove, the ruling and the exception, and in the other, the question, the objection, the ruling, the exception, and the answer.

"But up to this time, it is further submitted, the appellate courts of Indiana had never *held* that the 'grounds of objection' must be stated in the motion for new trial.

"The language of the opinion is that the 'grounds of objection' must be 'presented.' Where? If in the brief, this would be in accord with the rule and precedent. If it were meant that they were to be presented in the motion for new trial, then the writer of the opinion was indicating a change in practice that has been prescribed by the Indiana text and form writers and generally, if not universally followed since the adoption of the code. Surely he would have been more explicit if he had intended any such innovation.

"The Supreme Court again, March 17, 1932, in *Eva* v. *State*,

180 N. E. 183, 184, states: 'Appellant does not set out in his motion for a new trial his reasons for objection to the questions or to the introduction in evidence the liquor found nor the answer of the witness to such questions,' citing and quoting as authority the paragraph from *Greer* v. *State, supra.* In this case *(Eva* v. *State)* as in the former, the point apparently raised by counsel for appellee was that the motion for new trial did not contain the answers to the questions to which objection was made, so that the ruling was correct and the statement as to the grounds of objection was obiter.

"Cited also as authority is an intervening case in the Appellate Court, *Kenwood Tire Co.* v. *Speckman* ·(May 1, 1931), 92 Ind. App. 419, 421. 'Appellee contends that this court cannot consider any of the reasons advanced for a new trial relative to the admission of evidence because of the fact that in said motion no one of said reasons states what answer was given to the question asked.' This point, of course, was well taken, but the writer of the opinion, reviewing the authorities to this effect, also quoted the paragraph from *Greer* v. *State*, and probably made it the basis of a further ruling, not warranted, it is submitted by the cases cited, that 'the ground of the motion to strike out not being stated in the motion for a new trial, there is no reversible error in the ruling of the court in reference thereto.'

"Of the cases cited, *Coryell* v. *Stone, Exr.* (1878), 62 Ind. 307, 311, contains a similar dictum in this language:

" 'The seventh cause assigned for a new trial is in the following words: "Because the court erred in allowing the defendants to ask Jerry Dugan, a witness called by the defendants, whether or not the testator gave to witness instructions to enable him to make the survey." This seems to us too uncertain to inform the court of what the appellants really complained, and does not refer to anything to make it more certain. It does not inform us what the question objected to was, *nor what the objection to it was*, nor what the answer to the question was, nor, indeed, whether it elicited any answer or not, nor in what way the survey mentioned was connected with the case.'

"This particular dictum, though quoted on one occasion, seems to have played no part in the development of the rule, at least until the time of the citation in *Kenwood Tire Co.* v. *Speckman.*

"The Appellate Court in *Wabash Portland Cement Co.* v. *Stevens* (1931), 93 Ind. App. 209, 210, says: 'No question, however, is presented as to the admission of evidence. Grounds 9 to 20, inclusive, 22 to 32, inclusive, and 34 to 38, inclusive, in the motion for a new trial seek to raise such questions, but the motion for a new trial does not in many instances set out the questions and answers objected to or their substance, nor does such motion in any instance state the grounds of objection. No determination, therefore, can be made by this court as to the existence of harmful error on any such grounds.' Of the cases cited only *Coryell* v. *Stone* and *Kenwood Tire Co.* v. *Speckman* definitely state that the motion for new trial must contain the grounds of objection. It is not clear from the opinion that the point was necessary to a decision, for in the instances where the grounds of objection were not stated, it may have been that the question or the answer was also omitted.

"In *Inter-Ocean Casualty Co.* v. *Wilkins*, 182 N. E. 252, 256, the Appellate Court extends the doctrine as follows:

" 'Error is claimed in the admission of evidence, but the ques-

tions sought to be raised are not presented. The motion for a new trial, in order to present any question for review, must set out, at least, the substance of the question asked, the objection made and the answer given, in order that it may be determined as to whether harmful error exists without searching the record. In the instant case the motion fails to do this, but in each reason set forth in said motion it is merely stated that "the court erred in permitting a named witness for the plaintiff to testify, over the objection of the defendant, to certain facts." Neither the question nor its substance, the objection made nor the grounds for such objection, appear. The admission of certain exhibits in evidence is also questioned, but the motion does not disclose what any exhibit read in evidence purported to be, nor upon what grounds of objection made it should have been excluded.'

"The Greer, Kenwood and Eva cases are cited as authority and the *principle is now asserted not merely as a dictum but evi-* dently as the basis for a decision.

"Again the Appellate Court in *Gaines* v. *Taylor* (1933), 185 N. E. 297, 299, states the rule as follows: 'Appellants did not state in their motion for new trial the objections made to the admission of the drawing in evidence, at the time it was offered in evidence, nor the substance thereof, nor did they state the ruling of the court on said objections, nor did they show the exception taken. All the foregoing must be stated in a motion for new trial based on the admission in evidence of an exhibit.

" 'The reason for this rule is to give the trial court a further opportunity to consider and correct its rulings, without reviewing and searching the record for all matters which had a bearing thereon.'

"It appears, however, that this reason was assigned in the Kenwood case for the necessity of setting out in the motion for new trial the answers to the questions objected to, not the grounds of the objections.

"So well settled is the proposition by this time that the Appellate Court in *Emrich Furniture Co.* v. *Valinetz* (1933), 185 N. E. 654, 655 deems it unnecessary to cite reason or authority for the statement: 'The fifth, sixth, seventh, and eighth attempt to raise questions of the admission and the rejection of certain testimony, but they present no question as neither the *objections* nor any offers to prove are set out in the motion.'

"And on the same day the same court in *J. K. Vaughn Bldg. Co.* v. *State*, 185 N. E. 656, cites all the recent cases except *Wabash Portland Cement Co.* v. *Stevens* in an opinion wherein it is stated that the whole case turns upon the admission of two exhibits and that these questions are not presented because in its *motion for a new trial appellant did not set out the objections,* nor their substance, to the admission in evidence of these exhibits.

"So much for the history of this new rule. Apparently, it is now the law. Is it fair? Is it necessary? To what situation will the rule be extended? A motion for a new trial serves two ends. It first presents to the trial court the sufficiency of his own rulings. Secondarily it points out alleged errors for review by the appellate court.

"Filed within 30 days after the verdict or decision, when the trial is fresh in the mind of the trial court, supported usually by oral argument and citation of authority, the motion does not need to be voluminous in order to present to the trial judge the exact

issue which was raised at the trial and which in the stress thereof may not have had adequate consideration and proper decision. When the question and the answer (or the offer to prove) are shown by the motion, the trial court can determine, without statement of the grounds of objection, whether or not his decision at the trial was right or wrong. If he is thus satisfied that objectionable evidence has been introduced to the prejudice of the losing party, in the interest of justice it is then the trial judge's duty to grant a new trial.

"In an appellate court, however, the presumption is that the trial judge did his duty and that there has been a fair trial. If the reason assigned for admitting or excluding evidence was wrong but the decision was right, there is no reversible error. If an inadequate reason was assigned by the objector and the trial court overruled the objection, even though his decision should have been different had an adequate reason been assigned, there still is no reversible error. Why this is so is not here material. It is sufficient to say that the appellate court is not required to remedy the trial court's error in admission or exclusion of evidence in the absence of a proper objection made at the time the error was committed.

"This error must be brought to the attention of the appellate court. How? First, of course, every detail must appear in the record; the question, the objection in full, the ruling, the exception, the answer. But this is not enough, for the appellate court has not the time to search the record, nor has it any personal recollection such as that possessed by the judge who presided at the trial. Obviously, therefore, the brief of appellant must point out the error. Such is the rule adopted by the Supreme Court.

"Since the brief must state so much of the record as presents the question, why should the motion for a new trial duplicate that statement of the record? Ought not it be sufficient to show that the alleged error, now presented by recital of the record, was also called to the attention of the trial judge in such a way that it could not be overlooked by him, that is, by giving the substance of the question and answer in the motion for a new trial? If to this is added, as must be under Rule 22, the necessity of applying the points and authorities to the error relied upon for reversal, the appellate court cannot help knowing the precise issue for decision on its merits.

"Assuming that it is now settled that the motion for new trial must contain the grounds of objection to the admission or exclusion of evidence, the next step may be to apply the same rule to the instructions of which complaint is made. May we rely upon our former practice or must we quote in the motion for a new trial each instruction claimed to be erroneously given or refused? And—one step farther—must we assign in the motion the grounds of objection to the giving or refusal?

"Here we have a different situation from that presented with reference to the admission of evidence. During the trial, no reasons are required to be asserted for the giving or refusal of an instruction. If the court guesses right, there is no error regardless of the reason which guided his decision. If he guesses wrong, his error is reversible, unless it was harmless.

"Since no grounds of objection to giving or refusal are required at the time of the trial court's ruling, obviously no grounds of objection then made can be set out in the motion for a new

trial. Then why not set out in the motion the reasons appearing to the moving party at the time the motion is filed? This would be of material aid to the trial court in reviewing his action. But it never has been required.

"If the logic of the above quotation from *Gaines* v. *Taylor* be followed, anything in the record that 'has a bearing' upon the alleged error in the trial ought to be set out in the motion for a new trial. For instance, if excessive damages are assigned as error the motion for new trial should show why the damages are excessive and such showing would require a recital of all the evidence 'bearing' on the question. It is submitted that historically and logically the function of a motion for a new trial is to point out the error, not to serve as brief or record.

"The writer has no cases pending in either court wherein this question is involved but can well believe that there are numerous cases on the dockets of the Supreme and Appellate Courts, wherein error is assigned in the admission or exclusion of evidence and where the motion for new trial, following the form given in Watson's Works or similar form, was filed before the dictum in *Kenwood Tire Co.* v. *Speckman*, May 1, 1931, and certainly before the decision in *J. K. Vaughn Bldg.* v. *State*, May 18, 1933. As to these pending cases, what will be the attitude of the courts?

"If the rule announced in the last case is the law, then, like any principle of common law, it has been the law through the years, although only recently stated. It is not announced as a new rule adopted by the Supreme Court by virtue of an inherent power to prescribe rules of procedure. Attorneys certainly are bound, if any one is bound, to know the law. If they failed to set out the grounds of objection in their motion for a new trial, then the question is waived and the appellate court itself can so find, even though appellee has not raised the question.

"Is this fair? The Indiana State Bar Association is committed to a bill giving the Supreme Court the right to prescribe rules of practice and procedure, not only in that court but for all courts of the state. But a cardinal feature of such bill is the due and proper promulgation of changes before they become effective. Statutory rules of procedure are not retroactive. Nor should be rules adopted by the court. If the two appellate courts are satisfied with the decision in *J. K. Vaughn Bldg. Co.* v. *State* and the dicta in the preceding cases, that the motion for a new trial must contain the grounds of objection in order to present the question of the admissibility of evidence, it is submitted that such rule should not be enforced in any case wherein the motion for new trial was filed prior to June 1, 1933, when first through the Northeastern advance sheets the lawyers of the state generally were advised of such decision.

"The writer believes that rules of procedure should be prescribed by the Supreme Court, but not inadvertently, as this one seems to have developed. Such development may be ascribed to the pressure under which both courts are now laboring with their congested dockets and affords argument for constructive effort and perhaps legislation to enable the courts to get up to date that they may have adequate time for consideration not only of their decisions, but also of the dicta in their opinions.

"This is not the first dictum that has grown into law, nor will it be the last. Some dicta deserve to survive as bases for decisions. This one, it is submitted, does not bear analysis and ought not be extended."

merit of requiring objections to instructions to be set forth in the motion and the utility of doing so as an aid to the trial court, in view of the prevailing contrary practice, we believe that the requirement as to setting forth objections should not now be extended. Rather, if such a rule is desirable, the Supreme Court should adopt it as a part of its rules of procedure and practice.

Appellants argue that it was error to give appellee's instructions 1, 2, 3, 4 and 6, but cite no authority, and, therefore, no error is presented.

The court gave its preliminary instruction number two which told the jury "in order to recover damages from the defendant in this action, the plaintiff must establish by a preponderance of the evidence each of the following facts:

"1. That the defendant was in such position with reference to the plaintiff's deceased son, Billy Allan Ford, that a duty was imposed on them to use reasonable care to avoid injury to the plaintiff's deceased son;

"2. That the defendant committed one or more of the acts or omissions charged in the complaint as negligence;

"3. That by committing such acts or omissions the defendant failed to exercise reasonable care under all the circumstances to avoid injury to the plaintiff's deceased son; and

"4. That such acts or omissions proximately caused the plaintiff's deceased son the injuries, or some of them, alleged in the complaint.

"If the plaintiff establishes each of these facts by a preponderance of the evidence, (he) or (she) is entitled to recover from the defendant for the damages sustained as a result of such injuries, if you find that the plaintiff sustained the damages, or a part of them,

as alleged in (her) or (his) complaint, unless the defendant establishes by a preponderance of the evidence that the plaintiff's deceased son, Billy Allan Ford (herself), or (himself) was guilty of some negligent act of omission which proximately contributed to cause such injuries." Appellants' objection was that the allegations contained in subparagraph 5 of rhetorical paragraph 6 of plaintiff's amended complaint does not constitute negligence. Subparagraph 5 reads as follows:

> "That said defendant as he attempted to make said left turn negligently and carelessly failed to drive his truck to the right or center of the intersection of said Division Street and said Fares Avenue by cutting the corner and passing to the left of the center on the lefthand side of said Division Street."

Following appellants' objection to this preliminary instruction, appellee moved for permission to amend the amended complaint. One, at least, of the proposed amendments would have eliminated the feature to which appellants object. Appellants objected to the making of such amendments and the court denied permission to amend. It thus appears that if there was error, it was error which appellants invited, and they may not now succesfully complain thereof. *White* v. *State* (1954), 222 Ind. 423, 54 N. E. 2d 106; *Stull* v. *Davidson et al.* (1955), 125 Ind. App. 565, 127 N. E. 2d 130; *McCague* v. *N. Y. C & St. L. R. Co.* (1947), 225 Ind. 83, 71 N. E. 2d 569, 73 N. E. 2d 48; *Reichmann* v. *Reasner* (1943), 221 Ind. 628, 51 N. E. 2d 10; *Koeneman* v. *Aldridge* (1954), 125 Ind. App. 176, 122 N. E. 2d 345. Appellants did not request that the particular allegation in the complaint be withdrawn from the consideration of the jury. Other instructions fully instructed the jury as to the law based upon the facts set forth in the allegation. Under these

circumstances appellants may not successfully complain of the instruction. Further error is predicated upon the alleged error of the court in giving plaintiff's instruction number 8 which reads as follows:

"If you find for the plaintiff in this cause then it would be your duty to assess the amount of damages that the said plaintiff would be entitled to recover not to exceed, however, the amount of Twenty Thousand Dollars ($20,000).

"The measure of damages in a wrongful death case for a minor such as the deceased, Billy Allan Ford, are incapable of any mathematical or exact rule and such damages, therefore, must necessarily, at least to some extent, be fixed by estimate.

"Although the measure of such damage, if any, is the pecuniary loss for the death of the minor child from the time of his said death, until he would have reached his majority, taken into consideration with his prospects in life less the cost of his support and maintenance, nevertheless, such loss would include the pecuniary value of all acts of kindness and attention which he, the deceased minor, might have reasonably rendered his family as well as the pecuniary value of all the other services which he, the said deceased minor, might reasonably have given his said family.

"In considering said pecuniary value of said deceased services and contributions to his family, if any, the jury may properly take into consideration the condition in life of the deceased infant's family at the time of his death.

"You are further instructed that in addition to the above and foregoing enumerated items for you to consider in estimating the damages, if any, for the said wrongful death, if any, of the deceased said minor son, the plaintiff is entitled to recover the reasonable value of the funeral and burial expense, if any.

"Furthermore, you are instructed that in considering the measure of damages of such funeral and burial expense, if any, you should not subtract or tak into consideration any cost of maintenance and support that might be necessary for said deceased until he would have reached his majority."

The objection to such instruction reads, in part, as follows:

"For the further reason that said instruction permits the jury to award damages for the loss of services of said minor child for the period from December 8, 1954 to January 7, 1956, when the undisputed evidence disclosed that Earl Ford died on December 8, 1954. Earl Ford could not, and did not, lose the value of any services, even in theory, following his death on December 8, 1954. Any services which were lost to Earl Ford, and any expenses which were incurred by Earl Ford, by reason of the death of Billy Allan Ford, must have arisen between April 1, 1952, the date on which Billy Allan Ford died, and December 8, 1954, the date on which Earl Ford died. Said instruction permitted the jury to award damages for a period between the death of Earl Ford, the father, and the majority of Billy Allan Ford. Said instruction permitted the jury to award damages for a period of time during which Earl Ford could not have sustained any loss. Said instruction fails to advise the jury that they could take into consideration the fact which was shown by the evidence that Billy Allan Ford could have become emancipated or could have married prior either to the date of the death of Earl Ford on December 8, 1954, or subsequent thereto, and before the said Billy Allan Ford would have attained his majority, on January 7, 1956."

It appears that the question presented is whether the appellee's recovery for services must be limited to those services lost by the father between the date of the death of his son and his own death, or whether the entire period of the son's minority may be considered.

The right of a parent to the services of his minor child is a property right. *Thompson* v. *Town of Fort Branch* (1931), 204 Ind. 152, 178 N. E. 440, 82 A. L. R. 1413; *Graf* v. *City Transit Co.* (1942), 220 Ind. 249, 41 N. E. 2d 941; *Merritt* v. *Economy Dept. Store, Inc.* (1955), 125 Ind. App. 560, 128 N. E. 2d 279; *Hahn* v. *Moore* (1956), 127

Ind. App. 149, 133 N. E. 2d 900, 134 N. E. 2d 705. In *Hahn* v. *Moore, supra,* this court said:

"The right of a parent to the services of his minor child is a property right and the statute Sec. 2-217 Burns' 1946 Replacement, gives the parent, in his own right, a cause of action for loss of such services or other pecuniary injury occasioned by personal injuries to or the death of his minor child, which action is not one for injury to the person but for injury to property within the meaning of Sec. 2-601, Burns' 1946 Replacement."

An action based upon the pecuniary loss suffered by the parent when wrongfully deprived thereof differs from the right of a widow or next of kin to recover, through a personal representative, for injuries sustained by reason of the death of an adult or emancipated minor, in that the latter is grounded upon their pecuniary interest in the life of the decedent and not on a property right. *Hahn* v. *Moore, supra.*

It has been held that an action brought by a parent for the loss suffered when wrongfully deprived of the services of a child through the wrongful death of the child, does not abate with the death of the parent, but may be continued in the name of his personal representative. *The Pennsylvania Company* v. *Davis, Executor* (1892), 4 Ind. App. 51, 29 N. E. 425. No contention is made in this case that the action abated with the death of the father before trial, but appellants contend that damages may not be assessed for loss of services during any period following the death of the father. The jury was instructed contrary to appellants' contention. This point appears never to have been specifically decided by the courts of this state.

The courts of this state have frequently stated that in an action by a parent for the death of his child, he

is entitled to recover only for the pecuniary injury he has sustained and that the proper measure of damages is the value of the child's services from the time of injury until he would have attained his majority, taken in connection with his prospects in life, less his support and maintenance, to which may be added, in a proper case, the expense of care and attention to the child, made necessary by the injury, funeral expenses and medical services. *The Pennsylvania Company v. Lilly* (1881), 73 Ind. 252; *Thompson v. Town of Fort Branch, supra; Hahn v. Moore, supra.*

It was stated by Judge Mitchell, in *Mayhew v. Burns* (1885), 103 Ind. 328, 2 N. E. 793:

> "During the continuance of the relation of parent and child, the right of action is in the parent entitled to its services. *This relation presumptively continues during the minority of the child.*" (With cases cited) (Emphasis supplied).

While there appears to be no case in Indiana stating directly that the period to be considered may be less than that from the time of injury until the child would have attained his majority, we note the following agreed statement by the parties as to the law appearing in *Lake Erie, etc. R. Co. v. Chriss* (1914), 57 Ind. App. 145, 105 N. E. 62:

> ". . . Appellant and appellee agree that the damages are limited to the pecuniary loss of the parent, occasioned by the death of the child, measured by the value of the child's services during its minority, *or such period as under the circumstances the parent might reasonably expect to receive them,* less the reasonable cost of supporting and educating the child had it lived." (Emphasis supplied.)

The law based upon decisions from other jurisdictions has been stated as follows:

"Assuming that upon the death of a beneficiary entitled to damages for wrongful death the action survives to his estate, it has been very generally held that the measure of damages to which the estate is entitled is the loss to be attributed to the deceased beneficiary from the time of the death of the injured party to the time of the death of the beneficiary." Anno: 43 A. L. R. 2d 1291, p. 1303, with cases cited.

25 C. J. S. *Death,* §111, p. 1262, states:

"Where, under the statute, the beneficiary, without regard to age or expectancy of life, takes such proportion of the damages as he would have taken in decedent's personal estate in case of intestacy, the death of a beneficiary who brought suit in behalf of himself and others pending suit does not in any way affect the measure of damages. *On the other hand, it has been held, under a statute limiting the damages recoverable to those sustained by the next of kin at the time of the death, that; if the next of kin for whose benefit suit is brought die pending suit, the damages recoverable are limited to such as the beneficiary suffered down to the time of his death."* With cases cited. (Emphasis supplied.)

It has been held in a number of jurisdictions that the jury may consider, in determining the amount of the damages, the age and life expectancy of the parent, since these factors tend to establish the period during which the beneficiary could reasonably expect to receive benefits from the deceased minor. 25 C. J. S. *Death,* §121, p. 1289. Anno: 14 A. L. R. 2d 485, 530 *et sequentia.*

The amount of damages sustained by a parent by the wrongful death of a child are incapable of determination by any mathematical or exact rule and the determination thereof must be left to the wisdom of the jury even though the verdict may be predicated upon a semblance of conjecture. *American Motor Car Co.* v. *Robbins* (1913), 181 Ind.

417, 103 N. E. 641; *Thompson* v. *Town of Fort Branch, supra; Clevenger* v. *Kern* (1935), 100 Ind. App. 581, 584, 197 N. E. 731; *Hahn* v. *Moore, supra.* Nevertheless, damages are limited to the pecuniary loss of the parent. Where the parent dies before trial, the amount of actual pecuniary loss is rendered somewhat more certain.

It is true that the right to damages is a property right which becomes fixed as of the death of the child, but we do not conceive that the amount of damages became so fixed at that time as not to be capable of being affected by subsequent events such as the death of the parent before trial. In our opinion it was error to give the appellee's instruction number 8 and for this error the judgment must be reversed.

Appellants also contend that the court erred in permitting the introduction of certain evidence over their objections. The introduction of appellee's exhibit No. 4 is claimed as error. Neither this exhibit nor the substance thereof is set forth in the motion for new trial. Neither does it appear in the briefs. No question therefore is presented as to this exhibit. *Gray* v. *Hawke Motor Sales, Inc.* (1953), 124 Ind. App. 74, 112 N. E. 2d 459, 460 and authorities cited; *Greek* v. *Seward* (1943), 222 Ind. 211, 51 N. E. 2d 3; Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice,* §1812, Comment 8, §1977. Arguments as to error in the admission of other evidence is not supported by authorities and therefore no question is presented as to such evidence.

Judgment reversed with instructions to sustain appellants' motion for a new trial.

Cooper, Crumpacker, JJ., concur.

Bowen, J., concurs in result.

Kelley, C. J., concurs with opinion in which Royse, P. J., agrees.

CONCURRING OPINION

KELLEY, C. J.—I concur in the result of the main opinion, but with two observations:

It seems that much was said in the opinion which was unnecessary to the conclusion reached. It is provided by statute, Sec. 2-3233, Burns' 1946 Replacement, that "the court shall not reverse the proceedings any further than to include the first error." The mandate of the constitution (Section 5, Article 7, Constitution of Indiana) that the court shall "give a statement in writing of each question arising in the record" has reference to a question in the record "the decision of which is necessary to the final determination of the cause; and which the record presents with a fullness and distinctness rendering it possible for the court to comprehend it in all its bearings." *Willets* v. *Ridgway* (1857), 9 Ind. 367, 370; *Weer et al.* v. *State* (1941), 219 Ind. 217, 229, 37 N. E. 2d 537.

In the instant case the question in the record "necessary to the final determination of the cause" and the "first error" requiring reversal was the alleged error in giving appellee's instruction number 8 over appellants' specific objection thereto. That was the only question which, in my opinion, it was necessary to decide; and the determination of that question constituted the doctrine of the case. Much danger, it seems to me, in passing upon questions not necessary to the final determination of the cause, lies in the possibility that the statements made by the appellate tribunal may be later accepted by the courts and the profession as dependable legal pronouncements when, in truth, they may constitute only obiter. Thereby, error may creep into proceedings in the trial courts

and the legal counselor may be lead into the position of wrongly advising and directing his client. It follows that my concurrence in the result reached is necessarily limited to the said specific question necessary to the determination of the cause.

My second observation is that the question determined upon is restricted to the particular facts apparent upon the record. Specifically, it must be borne in mind that the appellee did not attempt to prosecute the action in her own personal right as the mother of the decedent child but as the administratrix of her deceased husband's estate. What her rights, if any, may have been, after the death of the father, to maintain an action, as the mother of the deceased child, for his death, under the provisions of Sec. 2-217, Burns' 1946 Replacement, were not presented in the case and were not, in my opinion, in any way determined upon, and whether, under said statute, the appellee, in her own right as mother of the deceased child, would be entitled to recover for any pecuniary loss to her from the date of the death of her husband (the father) to the time the child would have reached his majority, was a matter not presented in this appeal.

The objected to instruction was not limited to such allowable elements of damage as may have been recoverable by the father to the time of his death, but undertook to permit a recovery by his personal representative for damages not accruing to his estate.

Upon these considerations, I concur in the result evidenced by the main opinion.

NOTE.—Reported in 148 N. E. 2d 194.